**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| TELETOUCH COMMUNICATIONS, INC., | : | |
| | : | Case No. 13-12620 (MFW) |
| Debtor. | : | |
| | : | |
| In re: | : | Chapter 7 |
| | : | |
| PROGRESSIVE CONCEPTS, INC., | : | Case No. 13-12621 (MFW) |
| | : | |
| Debtor. | : | **Hearing Date: November 13, 2013 @ 2:00 p.m.** |
| | : | **Objection Deadline: October 29, 2013 @ 4:00 p.m.** |

**MOTION FOR AN ORDER DIRECTING THE
JOINT ADMINISTRATION OF CHAPTER 7 CASES**

Charles A. Stanziale, Jr., in his capacity as the duly appointed Chapter 7 Trustee (the "Chapter 7 Trustee") in the above-captioned cases and for the above-referenced debtors (collectively, the "Debtors"), by and through his proposed undersigned counsel, McCarter & English, LLP, hereby move this Court for entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) directing the joint administration of the Debtors' chapter 7 cases and the consolidation thereof for procedural purposes only, and (ii) directing parties in interest to use a consolidated caption, indicating that any pleading they file relates to the jointly administered cases of "Teletouch Communications, Inc., *et al.*" (the "Motion"). In support of this Motion, the Chapter 7 Trustee respectfully represents as follows:

**Jurisdiction, Venue and Predicate for Relief**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     The predicate for the relief requested herein is Bankruptcy Rule 1015(b).

## Background

3.     On October 3, 2013 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

4.     On October 3, 2013, the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. as the Chapter 7 Trustee for the Debtors.

5.     Prior to the Petition Date, Teletouch Communications, Inc. ("Teletouch") had offered a comprehensive suite of telecommunications products and services including cellular, two- way radio, GPS-telemetry, wireless messaging and public safety equipment.

6.     Progressive Concepts, Inc. ("Progressive") was the primary operating business of Teletouch and is a wholly owned subsidiary of Teletouch.

## Relief Requested and Basis Thereof

7.     By this Motion, the Chapter 7 Trustee seeks entry of an Order, pursuant to Bankruptcy Rule 1015(b), directing: (i) the joint administration of the Debtors' chapter 7 cases and the consolidation thereof for procedural purposes only, and (ii) parties in interest to use a consolidated caption, indicating that any pleading they file relates to the jointly administered cases of "Teletouch Communications, Inc., *et al.*"

8.     The Chapter 7 Trustee further requests that the Court approve a proposed consolidated caption (the "Proposed Caption") to be used by all parties in connection with all pleadings filed in the jointly administered cases be as follows:

| | |
|---|---|
| In re: | : |
| | : Chapter 7 |
| Teletouch Communications, Inc., et al., | : |
| | : Case No. 13-12620 (MFW) |
| Debtors. | : |

9.      The Chapter 7 Trustee further requests that a docket entry be made on the docket of

the case In re Progressive Concepts, Inc., Case No. 13-12621 (MFW) as follows:

> An order has been entered in this case directing the procedural consolidation and
> joint administration of the chapter 7 cases of Teletouch Communications, Inc.,
> and Progressive Concepts, Inc.  The docket of Teletouch Communications, Inc.,
> in Case No. 13-12620 (MFW) should be consulted for all matters affecting this
> case.

10.      Bankruptcy Rule 1015(b) provides, in relevant part, "if a joint petition or two or

more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court

may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  Progressive is a

wholly owned subsidiary of Teletouch.

11.      The joint administration of the Debtors' chapter 7 cases will permit the Clerk of the

Court to utilize a single general docket for these cases and combine notices to creditors of the

Debtors' respective estates and other parties in interest.  Entering an order directing joint

administration of the Debtors' chapter 7 cases will avoid the need for duplicative notices,

motions and applications, thereby saving time and expense.  Joint administration also will enable

parties in interest in each of the above-captioned chapter 7 cases to be apprised of the various

matters before the Court in all of these cases.

12.      Furthermore, because these cases involve tens of thousands of potential creditors,

the entry of an order of joint administration will: (a) significantly reduce the volume of pleadings

that would otherwise be filed with the Clerk of the Court, (b) render the completion of various

administrative tasks less costly, (c) minimize the number of  unnecessary delays associated with

the administration of numerous separate chapter 7 cases, and (d) protect the creditors of each of

ME1 16560073v.1

the Debtors' estates against potential conflicts of interest.

13.     Additionally, because this is not a motion for substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Debtors' chapter 7 cases for procedural purposes only.  To the extent that proofs of claim are required to be filed, each creditor will be entitled to file a claim against the particular estate or estates which owes the creditors money unless substantive consolidation of the Debtors' estates is requested and granted after notice and a hearing.  The Chapter 7 Trustee reserved his right to seek substantive consolidation of the Debtors' cases if, in his judgment, substantive consolidation would be appropriate.

### Notice

14.     Notice of this Motion has been given to the (i) the Office of the United States Trustee; (ii) the Debtors' counsel; and (ii) those parties who have filed a notice of appearance and request for service of pleadings in the Debtors' chapter 7 cases pursuant to Bankruptcy Rule 2002.  Due to the nature of the relief requested herein, the Chapter 7 Trustee respectfully submits that no further notice of this Motion is required.

### No Prior Request

15.     No prior request for the relief sought in this Motion has been made to this or any other court.

ME1 16560073v.1

WHEREFORE, the Chapter 7 Trustee respectfully requests that this Court enter an order, substantially in the proposed form of order, (i) granting the relief requested herein, and (ii) granting such other and further relief to the Chapter 7 Trustee as the Court may deem just and proper.

Dated: October 14, 2013
      Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

By: */s/ Katharine L. Mayer*
Katharine L. Mayer (DE # 3758)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone (302) 984-6300
Facsimile (302) 984-6399
kmayer@mccarter.com

  *- and -*

Charles A. Stanziale, Jr.
Scott H. Bernstein
Jeffrey T. Testa
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444

*Proposed Attorneys for the Chapter 7 Trustee*