IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 7 |
| TELETOUCH COMMUNICATIONS, INC., *et al.*, | : |
| | : Case No. 13-12620 (MFW) |
| Debtors[1]. | : Jointly Administered |
| | : |
| | : **Related Docket No. 77** |

**ORDER AUTHORIZING THE TRUSTEE TO SELL CERTAIN OF THE DEBTORS' INVENTORY, EQUIPMENT, VEHICLES AND FIXED ASSETS IN A PRIVATE SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**

This matter coming before the Court on the *Motion for an Order Authorizing the Trustee to Sell Certain of the Debtors' Inventory, Equipment, Vehicles and Fixed Assets in a Private Sale Free and Clear of All Liens, Claims, Encumbrances and Interests* (the "Motion"), pursuant to sections 105(a) and 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101- 1532 (as amended, the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Court finding that: (i) it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334, (ii) venue of the Debtors' cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iv) the relief requested in the Motion is in the best interests of the Debtors' estates and their creditors, (v) the Trustee has demonstrated a sound business justification for the relief requested in the Motion, (vi) the Trustee may sell the Merchandise[2] free and clear of all Claims (defined below), because with respect to each creditor asserting a Claim, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied, (vii) the Trustee, on behalf of the Debtors' estates, has the legal power and authority to convey all of

---

[1] The jointly administered debtors are Teletouch Communications, Inc. (Case No. 13-12620-MFW) and Progressive Concepts, Inc. (Case No. 13-12621-MFW) (collectively, the "Debtors").

[2] Defined terms used herein, but not defined herein, shall have the meanings ascribed to such terms in the Motion.

ME1 16985331v.1

the Debtors' right, title and interest in and to the Merchandise, and (viii) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before this Court. Therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion shall be, and hereby is, GRANTED.

2. The Trustee shall be, and hereby is, authorized to sell the Merchandise in a private sale to Tiger Group on the terms and conditions set forth in the Motion free and clear of all liens, claims, encumbrances and interests (collectively, the "Claims") with the Claims, if any, attaching to the net proceeds of the sales with the same validity, extent and priority as had attached to the Merchandise immediately prior to the sales.

3. Notwithstanding Bankruptcy Rule 6004(h), this Order shall not be stayed for fourteen (14) days after the entry hereof and this Order shall be effective and enforceable immediately upon signature hereof.

4. The Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

Dated: \_\_\_\_Jan. 6\_\_\_\_, 2014
Wilmington, Delaware

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge

ME1 16985331v.1