**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : |
| | : Chapter 7 |
| TELETOUCH COMMUNICATIONS, INC., *et al.*, | : |
| | : Case No. 13-12620 (MFW) |
| Debtors. | : Jointly Administered |
| | : |
| | : **Hearing Date: June 4, 2014, at 2:00 p.m.** |
| | : **Obj. Date: May 28, 2014, at 4:00 p.m.** |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING
THE CHAPTER 7 TRUSTEE TO SELL REAL PROPERTY OWNED BY
PROGRESSIVE CONCEPTS, INC. FREE AND CLEAR OF ALL LIENS,
CLAIMS, ENCUMBRANCES AND INTERESTS**

Charles A. Stanziale, Jr. (the "Trustee"), in his capacity as the duly appointed, qualified and serving Chapter 7 Trustee of Teletouch Communications, Inc. and Progressive Concepts, Inc. (collectively, the "Debtors"), by and through his attorneys, McCarter & English, LLP, hereby submits this motion (the "Motion") for entry of an order (the "Sale Order"), pursuant to Sections 105(a) and 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing the Trustee to sell real property known as 1124 Vicki Lane, Fort Worth, Texas 76104 and Morningside Terrace Addition, City of Fort Worth, Block 2, Lot 15 (the "Real Property"), owned by Progressive Concepts, Inc. free and clear of liens, claims, encumbrances and interests (collectively, the "Claims"), and (b) waiving the fourteen day stay provided by Bankruptcy Rule 6004(h). In support of the Motion, the Trustee respectfully represents as follows:

ME1 17702524v.1

## I. Jurisdiction, Venue and Predicates for Relief

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are Sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014, and Local Rules 2001-1 and 6004-1..

## II. Background

### A. General Background

3. On October 3, 2013 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 7 of Title 11 of the Bankruptcy Code in the Bankruptcy Court.

4. On October 3, 2013, the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. as the Chapter 7 Trustee for the Debtors.

5. On October 28, 2013, after notice and hearing, an order was entered allowing, *inter alia*, the Trustee to conduct limited operations of the Debtors and obtain credit and incur debt in the form of the post-petition financing from DCP Teletouch Lender, LLC ("DCP") with certain adequate protection afforded to DCP (the "Operating Order") [Docket No. 31][1].

6. On November 12, 2013, an Order Directing Joint Administration of the Debtors' Cases Pursuant to Federal Rule of Bankruptcy Procedure 1015(b) (the "Joint Administration Order") [Docket No. 46][2] was entered.

---

[1] The Operating Order was also entered in the Progressive Concepts, Inc. bankruptcy case as Docket No. 36.

[2] The Joint Administration Order was also entered in the Progressive Concepts, Inc. bankruptcy case as Docket No. 53.

7. Prior to the Petition Date, Teletouch Communications, Inc. ("Teletouch") had offered a comprehensive suite of telecommunications products and services, including cellular, two-way radio, GPS-telemetry, wireless messaging and public safety equipment. Teletouch acted as a primary authorized services provider and billing agent of AT&T Products and Services to consumers, governmental agencies and businesses.

8. Progressive Concepts, Inc. ("Progressive") is the primary operating business of Teletouch and is a wholly owned subsidiary of Teletouch. Progressive operated a national distribution business serving national cellular carrier agents as well as auto dealers and consumer electronics retailers with product sales and support.

9. Upon information and belief, certain efforts were made prior to the Petition Date in an attempt to reorganize the Debtors.

10. To date, the Trustee has sold a substantial amount of the assets of the bankruptcy estates including the corporate headquarters, active accounts receivable, equipment and inventory. However, one of remaining assets consists of the Real Property.

11. The Trustee has conferred with the former Chief Financial Officer Douglas Sloan ("Mr. Sloan"), with regard to the value of the Real Property and has solicited offers from various parties.

12. The highest and best offer received was made by Austin Rollerworld, LLC (the "Purchaser"), and the Trustee has entered into an Agreement of Sale with the Purchaser, a copy of which is attached hereto as **Exhibit A**.

13. The Trustee has determined in his business judgment that the offer presented by the Purchaser for the Real Property is in the best interests of the estates and would minimize administrative costs. Further, the property is of deminimus value, and it is unlikely other offers

would yield significantly higher offers that would favor delaying the sale by a lengthy sale process. In addition, the Purchaser is motivated to purchase the Real Property as the contiguous piece of property is owned by the Purchaser and will enable the Purchaser to have additional parking upon purchase of the Real Property.

B. **Disclosures Under Local Rule 6004-1(b)(iv)**

14. Pursuant to Local Rule 6004-1(b)(iv), the Trustee sets forth the following material terms and disclosures relating to the proposed sale[3]:

- **Purchase Price**: The purchase price for the Real Property shall be a cash payment by the Purchaser to the Trustee equal to (i) Four Thousand Dollars ($4,000) (the "Purchase Price").

- **Closing and Other Deadlines**: The closing shall occur as set forth in the Motion.

- **Good Faith Deposit**: The Purchaser has tendered a Deposit in the amount of $400 to the Trustee, which shall be credited against the Purchase Price at Closing. The balance of the Purchase Price shall be due at the Closing.

- **No Broker Fee:** The parties acknowledge that no agent, broker, investment banker, person or firm has acted directly or indirectly on behalf of the parties and no broker's fee or finder's fee or any other commission or similar fee or expense shall be owing at Closing.

- **Sale Free and Clear**: The Trustee is seeking to sell the Real Property free and clear of liens and other interests pursuant to Section 363(f) of the Bankruptcy Code.

- **Not a Sale to an Insider**: The Trustee is not aware that the Purchaser is an Insider of the Debtors.

- **No Agreements with Management**: No agreements with management have been entered into in connection with the sale.

- **Releases**: Purchaser has agreed to waive any and all environmental claims relating to the Real Property and to the indemnify the Trustee, the bankruptcy estate, the Trustee's retained professionals, agents, consultants, advisors, representatives, employees, professionals, insurance companies, title companies,

---

[3] The summary contained herein is qualified in its entirety by reference to the provisions of the Agreement of Sale. In the event of any inconsistencies between the provisions of the Agreement of Sale and the terms described herein, the terms of the Agreement of Sale shall govern.

4

ME1 17702524v.1

and any predecessors-in-title from any and all claims as set forth in greater detail in Section 19 of the Agreement of Sale.

- **Competitive Bidding**: The sale is being conducted pursuant to the competitive bidding process detailed in the Motion.

- **Relief from Bankruptcy Rule 6004(h)**: The Trustee is requesting relief from the 14-day stay imposed by Bankruptcy Rule 6004(h). Absent relief from the stay provisions of Bankruptcy Rule 6004(h), the delay in Closing will result in further accrual of administrative expenses such as tax payments, insurance coverage, etc.

C. **Additional Terms of the Private Sale and Solicitation of Higher or Better Offers**

15. The Real Property is being sold strictly on an "AS IS, WHERE IS" basis, WITH ALL "FAULTS". Neither the Trustee nor any of the Trustee's agents or retained professionals shall make any claims, representations, warranties, or promises about the condition or the value of the Real Property. The Trustee, his agents and retained professionals expressly disclaim any and all express or implied warranties, including but not limited to any implied warranties of fitness, habitability, or merchantability.

16. The Purchaser has represented to the Trustee that it has the financial wherewithal to close on the sale on an all cash basis.

17. Any party wishing to submit a higher or better offer must do so in writing so as to be received by the Trustee no later than 1:00 p.m. on May 28, 2014, prevailing Eastern Time (the "Overbid Objection Deadline") and shall consist of all of the following: (i) an offer in an amount of no less than $5,000, (ii) a deposit in the amount of $500 to be sent via wire, cashier's check or bank check, (iii) proof of financial wherewithal reasonably acceptable to the Trustee, which shall enable the purchase to close the sale on an all cash basis, (iv) an executed asset purchase agreement, subject to substantially the same or more favorable terms and conditions as are contained in, and marked to show changes from, the Purchase Agreement (as reasonably determined by the Trustee), except that such purchase and sale agreement shall (a) provide for a

purchase price in cash of at least $5,000, (b) exclude any contingencies, conditions precedent or other terms excusing the performance of the potential bidder based upon it completing due diligence or obtaining financing for the sale, and including only such representations and warranties as may be approved by the Trustee, which approval shall be granted or denied in the Trustee's sole and absolute discretion; <u>provided</u>, <u>however</u>, that under no circumstances shall Trustee and/or the Debtor have any liability for any breach of any representation and warranty; the Trustee is selling Progressive's right, title and interest in the Real property as described in the Agreement of Sale on an "AS IS" and "WHERE IS" basis.  Any buyer should conduct whatever diligence is necessary to satisfy such potential bidder that the representations and warranties are true and correct), (c) exclude any provision for any break-up fee, termination fee, expense reimbursement, or similar type of payment, and (d) the potential bidder will be solely responsible for any broker fee; and (v) a certification that said third party bidder will be bound by the same representations and warranties made by the Purchaser as identified in this Motion and the Agreement of Sale, and all other terms identified in this Motion, including but not limited to paragraph 24 below.

18.The Trustee shall serve a copy of this Motion on any party who has previously expressed an interest in the Real Property.

19.All due diligence by the Purchaser or any third party bidder shall be completed by the Overbid Objection Deadline.

20.If any party does submit a timely higher or better offer to the Trustee by the Overbid Objection Deadline, the Trustee shall conduct a telephonic auction on June 2, 2014, at 1:00 p.m. prevailing Eastern Time which shall be transcribed.

21.At the conclusion of the auction, the Trustee, in his sole discretion shall name the

6

party who submitted the highest and best bidder (the "<u>Successful Bidder</u>") and shall name the party who submitted the next highest and best offer (the "<u>Next Highest Bidder</u>"). The highest offer shall not necessarily be deemed the highest and best offer. In assessing whether an offer is both higher and better, the Trustee reserves the right to test the bona fides, and assess the credit risk, of all persons or entities submitting offers.

22. Failure of the Court to approve the sale shall not be deemed a default by the Successful Bidder or the Trustee.

23. All deposits shall be held in a segregated escrow account and shall be returned to the depositing party within five (5) business days following the auction, unless: (i) the depositing party is the Successful Bidder; or (ii) the Successful Bidder fails to proceed to close the Sale through no fault of the Trustee, in which case the deposit shall become property of the Debtors' estates.

24. The closing shall occur within seven (7) business days of entry of the Sale Order, unless mutually agreed upon in writing by the Trustee and the Successful Bidder. In the event that the sale fails to close during such time period, then the Seller shall be authorized, but not required, to consummate the sale with the Next Highest Bidder.

25. The Successful Bidder shall represent and warrant that it has the financial wherewithal to close on an all cash basis upon entry of the Sale Order.

26. The Trustee reserves the right to modify, adjourn, or extend any of the deadlines established herein.

### III.    Summary of Relief Requested

27. By this Motion, the Trustee seeks entry of an order, substantially in the form annexed hereto, (a) authorizing the Trustee to sell the Real Property to the Purchaser free and clear of all Claims with the Claims, if any, attaching to the net proceeds of the sales with the

7

same validity, extent and priority as had attached to the Real Property prior to the sale, and (b) waiving the fourteen day stay provided by Bankruptcy Rule 6004(h).

28. Pursuant to the Operating Order, the Trustee has retained several former employees including Mr. Sloan with whom the Trustee has conferred concerning those parties and former customers who were most likely to purchase the Real Property.

29. Given the nature of the Real Property and its deminimus value, the Trustee requires the ability to liquidate the Real Property without delay, and that a lengthy two-part sale process would minimize recovery to the estates by incurring additional legal fees and expenses.

### IV.   Basis for Relief Requested

#### A.   The Trustee Should Be Authorized to Enter Into the Private Sale

30. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he Trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code provides that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In pertinent part, Bankruptcy Rule 6004 provides that "all sales not in the ordinary course of business may be by private sale or by public auction." FED. R. BANKR. P. 6004(f)(1).

31. To approve the use, sale, or lease of property out of the ordinary course of business, this Court must find some articulated business justification for the proposed action. *See, e.g.*, *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 145-47 (3d Cir. 1986) (implicitly adopting the articulated business justification and good faith tests of *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983)); *In re Delaware & Hudson R.R. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (concluding that the Third Circuit had adopted a "sound business purpose" test in Abbotts Dairies); *Dai-Ichi Kangyo Bank,*

*Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property of the estate . . . courts require the debtor to show that a sound business purpose justifies such actions").

32.    This fundamental analysis does not change if the proposed sale is private, rather than public. *See, e.g., In re Ancor Exploration Co.*, 30 B.R. 802, 808 (Bankr. N.D. Okla. 1983) ("[T]he bankruptcy court should have wide latitude in approving even a private sale of all or substantially all of the estate assets not in the ordinary course of business under § 363(b)(1)"). The bankruptcy court "has ample discretion to administer the estate, including authority to conduct public or private sales of estate property."); *In re WPRV-TV, Inc.*, 143 B.R. 315, 319 (D.P.R. 1991), vacated on other grounds, 165 B.R. 1 (D.P.R. 1991); *accord In re Canyon P'Ship*, 55 B.R. 520, 524 (Bankr. S.D. Cal. 1985) (recognizing that section 363 of the Bankruptcy Code clearly indicates that the manner of the sale is within the discretion of the trustee).

33.    The Trustee submits that ample business justification exists for the relief sought herein for several reasons. First, authorizing the Trustee, in his sole discretion and business judgment, to enter into the sale on the terms and conditions that the Trustee may deem appropriate and reasonable, appears to be the best means available to expeditiously maximize the value of the Real Property for the benefit of creditors. Second, the Trustee has solicited offers from various parties, and the offer of the Purchaser is the highest and best received. Third, the Real Property is of deminimus value, and selling the Property will eliminate further administrative costs such as taxes, insurance, etc. which may accrue should the Trustee hold on to the Real Property and wait for an offer that would produce hardly any additional benefit and could, in fact, be detrimental to the Debtors' estates and their creditors.

34. Third, approving the relief requested herein would allow the Trustee to fulfill his affirmative duty under section 704(1) of the Bankruptcy Code to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(1).

**B. One or More Sales Free and Clear of Claims is Appropriate Under Section 363(f) of the Bankruptcy Code**

35. Section 363(f) of the Bankruptcy Code permits a trustee to sell property free and clear of another party's interest in the property if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.

11 U.S.C. § 363(f). Because section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements will be sufficient to permit the sale of the Real Property free and clear of any and all Claims that may be asserted herein. *See Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (sale "free and clear" may be approved provided the requirements of at least one subsection are met); *see also In re Dundee Equity Corp.,* 1992 Bankr. LEXIS 436, * 12 (Bankr. S.D.N.Y. Mar. 6, 1992) (a "sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met").

36. The Trustee proposes that absence of an objection to the relief sought in this Motion be deemed consent within the meaning of Section 363(f)(2) of the Bankruptcy Code. *See Hargrave v. Township of Pemberton (In re Tabone, Inc.)*, 175 B.R. 855, 858 (Bankr. D. N.J. 1994) (by not objecting to the sale motion, the secured creditor was deemed to consent under

10

section 363(f)(2) of the Bankruptcy Code); *see also Pelican Homestead & Sav. A'ssn v. Wooten (In re Gabel)*, 61 B.R. 661, 667 (Bankr. W.D. La. 1985) (same). As such, the requirements of Section 363(f) of the Bankruptcy Code would be satisfied for any proposed sale of the Real Property free and clear of any and all Claims.

### C. Waiver of Bankruptcy Rule 6004(h)

37. The Trustee requests that the Court waive Bankruptcy Rule 6004(h) to enable any private sale of the Real Property that may be consummated after the filing of this Motion and prior to the hearing on this Motion to close less than three business days after the date of the entry of the Sale Order. The Trustee believes there is no reason to prevent any transactions contemplated hereby from being consummated as soon as possible.

## V. Notice

38. Notice of this Motion has been provided to (i) the Core Service List consisting of (a) the Office of the United States Trustee for the District of Delaware, (b) counsel to the Debtors, (c) the Internal Revenue Service, and (d) counsel to DCP Teletouch Lenders, LLC, (ii) the Master Service List consisting of (a) any parties whose interests are directly affected by a specific pleading including all known lienholders of the Debtors, and (b) those persons and entities who have formally appeared and requested service; and (iii) any party having expressed an interest in some or all of the Real Property, all of the foregoing in accordance with the *Order Establishing Notice and Service Procedures* entered in the Debtors' cases. The Trustee submits that no other or further notice need be provided.

## VI. No Prior Request

39. No prior request for the relief requested herein has been made to this or any other court.

11

ME1 17702524v.1

## VII. Conclusion

WHEREFORE, the Trustee respectfully requests the entry of a Sale Order, substantially, in the form attached hereto, (a) authorizing the Trustee (i) to sell the Real Property to the Purchaser free and clear of all Claims with the Claims, if any, attaching to the net proceeds of the sales with the same validity, extent and priority as had attached to the Real Property prior to the sales, (b) waiving the fourteen day stay provided by Bankruptcy Rule 6004(h); and (c) granting such other and further relief to the Trustee as this Court deems necessary and appropriate.

Dated:  May 5, 2014
         Wilmington, Delaware

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

By: */s/ Katharine L. Mayer*
Katharine L. Mayer (DE # 3758)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone 302.984.6300
Facsimile 302.984.6399
kmayer@mccarter.com

 *- and -*

Charles A. Stanziale, Jr., Esq.
Jeffrey T. Testa, Esq.
Scott H. Bernstein, Esq.
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
cstanziale@mccarter.com
jtesta@mccarter.com
sbernstein@mccarter.com

*Attorneys for the Chapter 7 Trustee*