## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 7 |
| TELETOUCH COMMUNICATIONS, INC., et al., | : |
| | : Case No. 13-12620 (MFW) |
| | : Jointly Administered |
| Debtors. | : |
| | : |
| | : |
| | : |
| TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, | : Adv. Proc. No. 15-50316 (MFW) |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : **Hearing Date: August 12, 2015, at 2:00 p.m.** |
| CHARLES A. STANZIALE, JR., CHAPTER 7 TRUSTEE, | : **Obj. Date: July 27, 2015, at 4:00 p.m.** |
| | : |
| | : |
| Defendant. | : |

## TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT OF ADVERSARY PROCEEDING PURSUANT TO FED. R. BANKR. P. 9019

Charles A. Stanziale, Jr. (the "Trustee"), in his capacity as the Chapter 7 Trustee of the estates of Teletouch Communications, Inc. and Progressive Concepts, Inc. (collectively, the "Debtor"), by and through his undersigned counsel, hereby moves this Court for entry of an Order Approving the Settlement of an action commenced by the Texas Comptroller of Public Accounts (the "Comptroller", along with the Trustee, the "Parties"):

### JURISDICTION, VENUE, PREDICATES FOR RELIEF

1.     The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicate for the relief requested herein is Bankruptcy Rule 9019.

## BACKGROUND

4.      On October 3, 2013 (the "Petition Date"), the Debtors each filed their respective voluntary petitions for relief under chapter 7 of title 11 of the United States Code (as amended) in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5.      October 3, 2013, the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. as the Chapter 7 Trustee for the Debtors and their respective bankruptcy estates (together, the "Estates").

6.      On October 28, 2013, the Bankruptcy Court entered on an emergent basis the *Order Pursuant to Sections 105, 721, 363 and 364 Authorizing the Chapter 7 Trustee (a) to Conduct Limited Business Operations of the Debtors, (B) to Retain Certain Of The Debtors' Employees; (C) to Obtain Post-Petition Financing nunc pro tunc to October 17, 2013, and (D) Granting Related Relief* (the "Emergency Order") (Doc. No. 31), which authorized the Trustee to, among other things, obtain post-petition financing and conduct limited operations of the Debtors' businesses so as to collect outstanding accounts receivable (collectively, the "Receivables") for the benefit of the Estates.

7.      The Emergency Order provided that any monies received or collected by the Trustee which may be attributable to the State of Texas Sales Tax would be escrowed by the Trustee until a further resolution or Court order was entered.

8.      On December 6, 2013, the Comptroller filed a proof of claim in the amount of $1,773,325.98 in the case of In re Progressive Concepts, Inc., Case No. 13-12621-MFW (the "Texas Proof of Claim").

ME1 20730241v.1

9.      Pursuant to the Emergency Order and on behalf of the Estates, the Trustee has collected certain Receivables, some of which include portions of sales tax collected on behalf of the State of Texas.  The aggregate amount of such sales tax is $127,384.05 (the "Sales Tax").

10.      The Parties, through their representatives, conducted negotiations with regard to the Sales Tax as well as the Texas Proof of Claim.

11.      On May 27, 2015, the Comptroller commenced an adversary proceeding in the Bankruptcy Court against the Trustee bearing Adversary Proceeding No. 15-50316 (MFW) (the "Adversary Proceeding"), seeking a judgment from the Bankruptcy Court directing the Trustee to immediately turnover the Sales Tax to the Comptroller, along with post-petition interest, penalties, costs, and attorneys' fees.

12.      The Trustee disputes the Comptroller's requested relief in the Adversary Proceeding, other than for the recovery of the Sales Tax.  The Trustee also asserts a basis for imposing charges against the Sales Tax under 11 U.S.C. § 506(c).

13.      The Parties wish to resolve any disputes concerning the Sales Tax and the Adversary Proceeding, and avoid the costs and uncertainty of litigation.  The Parties believe that the resolution provided for in this Stipulation is in the best interests of the Parties.

14.      To that end, the Parties have entered into a *Stipulation Between the Chapter 7 Trustee and Texas Comptroller of Public Accounts Resolving Sales-Tax Issues and Adversary Proceeding* (the "Stipulation").

15.      The Trustee seeks Bankruptcy Court approval for the Stipulation[1], a copy of which is attached as Exhibit "1" to the Order being filed simultaneously herewith and is incorporated herein by reference.  The Stipulation are contingent upon entry of a non-appealable

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Stipulation.

ME1 20730241v.1

order approving the Stipulation (the "Approval Order").

## SUMMARY OF STIPULATION[2]

16.     In the Stipulation, the Trustee agrees to release the Sales Tax to the Comptroller upon Court approval of the Stipulation (the "Settlement Amount").    In exchange, the Comptroller will dismiss the Adversary Proceeding with prejudice.

## RELIEF REQUESTED

17.     By this Motion, the Trustee seeks entry of an order, substantially in the form of the Proposed Form of Order, approving the Stipulation.

18.     Bankruptcy Rule 9019 governs the approval of compromises and settlements, and provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019.

19.     The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored."  *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co*., 596 F.2d 1102, 1113 (3d Cir. 1979) ("In administrating reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims . . .") (internal citation marks and quotation marks omitted).

20.     In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the

---

[2] This summary is included solely for ease of reference but is in no way controlling over terms contained in the Stipulation.

probabilities of ultimate success should the claim be litigated, [and] estimate . . . the complexity, expense and likely duration of such litigation . . . all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

21.     The United States Court of Appeals for the Third Circuit has enumerated four factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin* (*In re Martin*), 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *accord In re Nutraquest, Inc.,* 434 F.3d 639, 644 (3d Cir. 2006).

22.     Furthermore, the decision to approve a compromise is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296.  In making its decisions, the bankruptcy court should not substitute its judgment for that of the debtor.  The court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must

conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

23.     In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee, the parties and their counsel in determining the reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other") (internal citations omitted).

24.     The Trustee believes the proposed resolution is in the best interest of all creditors and is consistent with the agreement that Sales Tax be held until a further resolution or Court order as set forth in the Emergency Order.

25.     The ability of the Trustee to disburse the Settlement Amount at this time will avoid administrative expense, inconvenience and delay and allow the Trustee to focus on other case litigation.

26.     Moreover, after careful review, the Trustee does not believe that protracted litigation with the Comptroller in this matter is in the best interest of the Estate given the previous agreement to escrow the Sales Tax until further Court order or resolution.

27.     In addition, the Stipulation does not impair the Trustee's right to challenge the Texas Proof of Claim nor does it waive any defense of the Comptroller to any subsequent challenge.

ME1 20730241v.1

28.     The Trustee believes that the Stipulation and its terms are above the "lowest point in the range of reasonableness."   Therefore, the Trustee respectfully requests that the Court approve the Stipulation pursuant to Bankruptcy Rule 9019 and applicable law.

## NOTICE

29.     Notice of this Motion has been given to the United States Trustee, counsel for the Debtors, counsel for the Texas Comptroller of Public Accounts, and all parties that have requested such notice pursuant to Bankruptcy Rule 2002, and any other parties referenced on the Core Service List and the Master Service List.

30.     No prior request for the relief sought herein has been made to any court.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter the attached Proposed Form of Order granting Trustee's Motion approving the Stipulation and granting such other and further relief as the Court deems just and equitable.

Dated:  July 13, 2015
         Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

By:  */s/ Katharine L. Mayer*
Katharine L. Mayer, Esq. (DE # 3758)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone:  (302) 984-6300
Facsimile:  (302) 984-6399
kmayer@mccarter.com

*- and -*

ME1 20730241v.1

Charles A. Stanziale, Jr., Esq.
Jeffrey T. Testa, Esq.
Scott H. Bernstein, Esq.
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
cstanziale@mccarter.com
jtesta@mccarter.com
sbernstein@mccarter.com

*Attorneys for the Chapter 7 Trustee*