**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TELETOUCH COMMUNICATIONS, INC., et al.,<br><br>Debtors. | Chapter 7<br><br>Case No. 13-12620 (MFW)<br><br>(Jointly Administered) |
| CHARLES A. STANZIALE, JR., in his capacity as Trustee of Teletouch Communications, Inc., et al.,<br><br>Plaintiff,<br>v.<br><br>DIRECT ENERGY BUSINESS,<br><br>Defendant. | Adv. Pro. No. 15-51363 (MFW) |
| CHARLES A. STANZIALE, JR., in his capacity as Trustee of Teletouch Communications, Inc., et al.,<br><br>Plaintiff,<br>v.<br><br>HIBBS HALLMARK & COMPANY,<br><br>Defendant. | Adv. Pro. No. 15-51361 (MFW)<br><br>**Hearing Date: February 24, 2016 at 2:00 p.m.**<br>**Objection Deadline: February 9, 2016 at 4:00 p.m.** |

**CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT OF ADVERSARY PROCEEDINGS PURSUANT TO FED. R. BANKR. P. 9019**

Charles A. Stanziale, Jr., solely in his capacity as the duly appointed, qualified and serving Chapter 7 Trustee (the "Chapter 7 Trustee") for Teletouch Communications, Inc. ("Teletouch") and Progressive Concepts, Inc. ("Progressive," and together with Teletouch, the "Debtors"), by and through his attorneys, McCarter & English, LLP, hereby submits this motion (this "Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for approval of a settlement between the Chapter 7 Trustee and Direct Energy Business ("Direct Energy") on the terms and conditions set forth in the settlement agreement (the "Direct Settlement Agreement") annexed hereto as **Exhibit A**, and approval of a settlement between the Chapter 7 Trustee and Hibbs Hallmark & Company ("Hibbs Hallmark" and together with Direct Energy, the "Defendants") on the terms and conditions set forth in the settlement agreement (the "Hibbs Settlement Agreement") annexed hereto as **Exhibit B**. In support of the Motion, the Chapter 7 Trustee respectfully represents as follows:

## I. Jurisdiction, Venue and Predicates for Relief

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are Bankruptcy Rule 9019(a) and section 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code").

## II. Background

### A. General Background

3. On October 3, 2013 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. On October 3, 2013, the Office of the United States Trustee appointed Charles A. Stanziale, Jr., as Chapter 7 Trustee with regard to the Debtors' case.

5. On October 14, 2013, the Trustee filed a motion to jointly administer the estates of the Debtors (the "Joint Administration Motion").

6. On November 12, 2013, the Joint Administration Motion was entered by the Court jointly administering the Debtors' estates.

## III. Summary of Relief Requested

7. By this Motion, the Chapter 7 Trustee seeks entry of an order, substantially in the form of the Proposed Form of Order annexed hereto as **Exhibit C**, approving the compromise and settlement with the Defendants on the terms and conditions set forth in the Direct Settlement Agreement and Hibbs Settlement Agreement.

## IV. Basis for Relief Requested

8. Bankruptcy Rule 9019(a) governs the approval of compromises and settlements, and provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

9. The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co*., 596 F.2d 1102, 1113 (3d Cir. 1979) ("In administrating reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims . . .") (internal citation marks and quotation marks omitted).

10. In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate . . . the complexity,

expense and likely duration of such litigation . . . all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

11. The United States Court of Appeals for the Third Circuit has enumerated four factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin* (*In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006).

12. Furthermore, the decision to approve a compromise is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296. In making its decisions, the bankruptcy court should not substitute its judgment for that of the debtor. The court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation

marks and citations omitted).

13. In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee, the parties and their counsel in determining the reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other") (internal citations omitted).

14. Based on the foregoing, the Chapter 7 Trustee submits that approval of the Direct Settlement Agreement and Hibbs Settlement Agreement is in the best interests of the Debtors' estates and their creditors because it eliminates the possibility of any protracted litigation with the Defendants, eases the administrative burden on these estates, and provides for a meaningful recovery for the benefit of the Debtors' estates and their creditors. The Direct Settlement Agreement and Hibbs Settlement Agreement therefore represent compromises between the parties that are fair and equitable and are in the best interests of the Debtors' estates and their creditors.

## V. <u>Notice</u>

15. Notice of this Motion has been given to (a) Counsel for the Direct Energy, (b) Counsel for Hibbs Hallmark, (c) the Office of the United States Trustee for the District of Delaware, and (d) and those parties that have formally requested receipt of pleadings in the Debtors' cases pursuant to Bankruptcy Rule 2002.

## VI. <u>Conclusion</u>

WHEREFORE, for the foregoing reasons, the Chapter 7 Trustee respectfully requests that the Court (i) enter an order, substantially in the form of the Proposed Form of Order annexed hereto as **Exhibit C**, authorizing and approving the Direct Settlement Agreement annexed hereto as **Exhibit A**, and authorizing and approving the Hibbs Settlement Agreement annexed hereto as **Exhibit B**, and (ii) grant such other and further relief to the Chapter 7 Trustee as is just and proper.

Dated: January 21, 2016
Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

By: */s/ Katharine L. Mayer*
Katharine L. Mayer (DE # 3758)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone 302.984.6300
Facsimile 302.984.6399
kmayer@mccarter.com

- *and* -

Charles A. Stanziale, Jr.
Jeffrey T. Testa
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444

*Attorneys for the Chapter 7 Trustee*