# Exhibit A

**(DIRECT SETTLEMENT AGREEMENT)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TELETOUCH COMMUNICATIONS, INC., et al.,<br><br>Debtors.<br><br>CHARLES A. STANZIALE, JR., in his capacity as Trustee of Teletouch Communications, Inc., et al.,<br><br>Plaintiff,<br>v.<br><br>DIRECT ENERGY BUSINESS,<br><br>Defendant. | Chapter 7<br><br>Case No. 13-12620 (MFW)<br><br>(Jointly Administered)<br><br><br><br>Adv. Pro. No. 15-51363 (MFW) |

**SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE BY AND BETWEEN CHARLES A. STANZIALE, JR., AS CHAPTER 7 TRUSTEE OF TELETOUCH COMMUNICATIONS, INC. AND PROGRESSIVE CONCEPTS, INC. AND DIRECT ENERGY BUSINESS**

This Settlement Agreement and Mutual General Release (the "Settlement Agreement") is made by and between Charles A. Stanziale, Jr., in his capacity as the duly appointed, qualified and serving Chapter 7 Trustee (the "Chapter 7 Trustee") of Teletouch Communications, Inc. ("Teletouch") and Progressive Concepts, Inc. ("Progressive," and together with Teletouch, the "Debtors") and Direct Energy Business ("Direct", and together with the Debtors, the "Parties"). The Parties, by and through their respective undersigned representatives, agree to the facts and terms of the Settlement Agreement as follows:

**RECITALS**

**WHEREAS,** on October 3, 2013 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code (the "Bankruptcy Code")

ME1 21337852v.1

in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

**WHEREAS**, on October 3, 2013, the Office of the United States Trustee appointed Charles A. Stanziale, Jr., as Chapter 7 Trustee with regard to the Debtors; case; and

**WHEREAS**, on October 14, 2013, the Trustee filed a motion to jointly administer the estates of the Debtors (the "Joint Administration Motion"); and

**WHEREAS**, on November 12, 2013, the Joint Administration Motion was entered by the Court jointly administering the Debtors' estates; and

**WHEREAS**, on October 1, 2015, the Chapter 7 Trustee filed a Complaint (the "Complaint") to avoid and recover certain allegedly preferential transfers in the aggregate amount of $16,304.54 that Direct received from the Debtors prior to the Petition Date that would have been property of the Debtors' bankruptcy estates in the absence of the transfers and which are recoverable and avoidable under sections 547 and 550 of the Bankruptcy Code (collectively, the "Transfers"); and

**WHEREAS**, Direct has denied liability for the repayment of the total amount of the Transfers and has asserted certain defenses to the avoidance and recovery of the Transfers; and

**WHEREAS**, the Parties wish to avoid the uncertainties and expense of litigation and to settle and compromise on the terms set forth below any and all claims that the Chapter 7 Trustee may assert on behalf of the Debtors against Direct without admitting any liability therefore; and

**WHEREAS**, the Parties have had the opportunity to consult with counsel of their respective choice in connection with the matters raised in the Preference Demand and this Settlement Agreement; and

**WHEREAS**, each of the Parties to this Settlement Agreement agrees to bear its own costs and expenses, including attorneys' fees, arising out of the matters raised in the Preference Demand and this Settlement Agreement; and

**WHEREAS**, the Chapter 7 Trustee believes that the settlement provided for below is in the best interest of the Debtors' estate and falls within the range of reasonableness.

**NOW, THEREFORE**, in consideration of the premises aforesaid and the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

## AGREEMENT

1. **Recitals Incorporated.** The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Settlement Agreement.

2. **Settlement Payment.** Direct agrees to pay to the order of "Charles A. Stanziale, Jr., as Chapter 7 Trustee to Teletouch Communications, Inc." the sum of Seven Hundred and Fifty Six Dollars and Seventy Cents ($756.70) (the "Settlement Payment") in full settlement of the Preference Demand.

3. **Release by the Chapter 7 Trustee.** Except for the obligations expressly set forth in this Settlement Agreement, in consideration of the releases set forth in this Settlement Agreement and the receipt of the Settlement Payment, the Chapter 7 Trustee, in both his individual capacity and on behalf of the Debtors, shall release and forever discharge Direct from any and all claims arising under chapter 5 of the Bankruptcy Code in connection with the Transfers.

4. **Release by Direct.** In consideration of the release set forth in paragraph 3 herein, Direct, on behalf of itself and its representatives ("Releasors"), shall release and forever

discharge the Debtors, the Chapter 7 Trustee (in both his official and representative capacities) and the Chapter 7 Trustee ("Releasees") from any and all claims arising in connection with the Transfers.

5. **Waiver of Section 502(h) Claim**. Direct shall not file any §502(h) claim relating to the Settlement Payment.

6. **Counterparts**. This Settlement Agreement may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Settlement Agreement by signing any such counterpart and each of such counterparts shall for all purposes be deemed an original. This Settlement Agreement may be executed by facsimile and/or e-mail which shall have the same force and effect as an original signature.

7. **Voluntary Agreement**. The Parties enter into this Settlement Agreement voluntarily and have had the opportunity at their sole discretion to consult with counsel.

8. **Entire Agreement**. This Settlement Agreement is the entire agreement among the Parties and supersedes all other prior agreements, understandings, or discussions, both written and oral, among the Parties in respect of the subject matter hereof.

9. **Successors and Assigns**. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective executors, heirs, successors and assigns.

10. **Further Assurances**. From time to time, upon request, the Parties will, without further consideration, promptly execute, deliver, acknowledge and file all such further documents agreements, certificates and instruments and to do such further acts as the persons or

entities entitled to the benefit of this Settlement Agreement may reasonably require to evidence or effectuate the transactions contemplated by this Settlement Agreement.

11. **Illegality**. If any provision of this Settlement Agreement is held to be illegal, void or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision in this Settlement Agreement. Notwithstanding the foregoing, upon any finding by any court of competent jurisdiction that any release provided for in this Settlement Agreement is illegal, void or unenforceable, each of the Parties agrees, promptly upon the request of the other Party hereto, to execute a release that is legal and enforceable.

12. **Governing Law/Jurisdiction**. Except to the extend (if any) governed by the Bankruptcy Code, the Settlement agreement and rights and duties of the Parties hereunder shall be governed by and construed, enforced and performed in accordance with the Law of the State of Delaware without giving effect to principles of conflicts of law that would require the application of laws of another jurisdiction. The Parties acknowledge and agree that the Bankruptcy Court shall have the exclusive jurisdiction over this Settlement Agreement and that any claims arising out of or related in any matter to this Settlement Agreement shall be properly brought only before the Bankruptcy Court and consents to such Bankruptcy Court's power to hear and determine all such claims as a core proceeding.

13. **No admission of liability**. This Settlement Agreement is in compromise of disputed claims between the Parties, and shall not be construed as an admission by the Parties or by any of their respective present or former directors, officers, employees or agents, of a violation of any federal, state, or local statute, regulation, judicial doctrine, or other law, or a

violation of any right, or breach of any duty, obligation or contract. All communications (whether oral or in writing) between and/or among the Parties, their respective counsel and/or other respective representatives relating to, concerning or in connection with this Settlement Agreement, or the matters covered hereby and thereby, shall be governed and protected in accordance with Federal Rule of Evidence 408 and all other similar rules and laws to the fullest extent permitted by law, and no Party hereto shall seek to admit this Settlement Agreement into evidence against any other party hereto, except in an action to enforce or interpret the terms of this Settlement Agreement.

14.  **Captions**. The captions of this Settlement Agreement are for convenience only and are not a part of this Settlement Agreement and do not in any way limit or amplify the terms and provisions of this Settlement Agreement and shall have no effect on its interpretation.

15.  **Acknowledgment of the Parties**. Each of the Parties acknowledges that: (i) it has relied on this own independent investigation, and has not relied on any information or representations furnished by any other Party or any representative or agent thereof in determining whether or not to enter into this Settlement Agreement (other than the representations set forth in this Settlement Agreement); (ii) it has conducted its own due diligence in connections therewith, as well as undertaken the opportunity to review information, ask questions and receive satisfactory answers concerning the terms and conditions of this Settlement Agreement; and (iii) it possesses the knowledge, experience and sophistication to allow it to fully evaluate and accept the merits and risks of entering into the transactions contemplated by this Settlement Agreement.

16. **Authorization**. The person executing this Settlement Agreement on behalf of each respective Party warrants and represents that she or he is authorized and empowered to execute and deliver this Agreement on behalf of such Party.

Dated: November 17, 2015

**McCARTER & ENGLISH, LLP**

By: _/s/ Charles A. Stanziale, Jr._
Charles A. Stanziale, Jr.
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Email: cstanziale@mccarter.com

*The Chapter 7 Trustee*

Dated: November 16, 2015

**STRADLEY RONON STEVENS & YOUNG, LLP**

By: _/s/ Mark J. Dorval_
Mark J. Dorval
2005 Market Street
Suite 2600
Philadelphia, PA 19103-7018
Telephone: (215) 564-8000
Email: mdorval@stradley.com

*Counsel for Direct Energy Business*

7

ME1 21337852v.1