# Exhibit B

**(HIBBS SETTLEMENT AGREEMENT)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TELETOUCH COMMUNICATIONS, INC., et al.,<br><br>            Debtors. | Chapter 7<br><br>Case No. 13-12620 (MFW)<br><br>(Jointly Administered) |
| CHARLES A. STANZIALE, JR., in his capacity as Trustee of Teletouch Communications, Inc., et al.,<br><br>            Plaintiff,<br>v.<br><br>HIBBS HALLMARK & COMPANY,<br><br>            Defendant. | Adv. Pro. No. 15-51361 (MFW) |

**SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE BY AND BETWEEN CHARLES A. STANZIALE, JR., AS CHAPTER 7 TRUSTEE OF TELETOUCH COMMUNICATIONS, INC. AND PROGRESSIVE CONCEPTS, INC. AND HIBBS HALLMARK & COMPANY**

This Settlement Agreement and Mutual General Release (the "Settlement Agreement") is made by and between Charles A. Stanziale, Jr., in his capacity as the duly appointed, qualified and serving Chapter 7 Trustee (the "Chapter 7 Trustee") of Teletouch Communications, Inc. ("Teletouch") and Progressive Concepts, Inc. ("Progressive," and together with Teletouch, the "Debtors") and Hibbs Hallmark & Company ("Hibbs", and together with the Debtors, the "Parties"). The Parties, by and through their respective undersigned representatives, agree to the facts and terms of the Settlement Agreement as follows:

### RECITALS

**WHEREAS,** on October 3, 2013 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code (the "Bankruptcy Code")

ME1 21741253v.1

in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

**WHEREAS**, on October 3, 2013, the Office of the United States Trustee appointed Charles A. Stanziale, Jr., as Chapter 7 Trustee with regard to the Debtors' cases; and

**WHEREAS**, on October 14, 2013, the Trustee filed a motion to jointly administer the estates of the Debtors (the "Joint Administration Motion"); and

**WHEREAS**, on November 12, 2013, the Joint Administration Motion was entered by the Court jointly administering the Debtors' estates; and

**WHEREAS**, on September 30, 2015, the Chapter 7 Trustee filed a Complaint (the "Complaint") to avoid and recover certain allegedly preferential transfers in the aggregate amount of $16,275.00 that Hibbs received from the Debtors prior to the Petition Date that would have been property of the Debtors' bankruptcy estates in the absence of the transfers and which the Chapter 7 Trustee contends are recoverable and avoidable under sections 547 and 550 of the Bankruptcy Code (collectively, the "Transfers"); and

**WHEREAS**, Hibbs has denied liability for the repayment of the total amount of the Transfers and has asserted certain defenses to the avoidance and recovery of the Transfers; and

**WHEREAS**, the Parties wish to avoid the uncertainties and expense of litigation and to settle and compromise on the terms set forth below any and all claims that the Chapter 7 Trustee may assert on behalf of the Debtors against Hibbs without admitting any liability therefore; and

**WHEREAS**, the Parties have had the opportunity to consult with counsel of their respective choice in connection with the matters raised in the Preference Demand, the Complaint and/or this Settlement Agreement; and

**WHEREAS**, each of the Parties to this Settlement Agreement agrees to bear its own costs and expenses, including attorneys' fees, arising out of the matters raised in the Preference Demand, the Complaint and this Settlement Agreement; and

**WHEREAS**, the Chapter 7 Trustee believes that the settlement provided for below is in the best interest of the Debtors' bankruptcy estate and falls within the range of reasonableness.

**NOW, THEREFORE**, in consideration of the premises aforesaid and the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

### AGREEMENT

1. **Recitals Incorporated**. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Settlement Agreement.

2. **Settlement Payment**. Hibbs agrees to pay to the order of "Charles A. Stanziale, Jr., as Chapter 7 Trustee to Teletouch Communications, Inc." the sum of Five Hundred Dollars and No Cents ($500.00) (the "Settlement Payment") in full settlement of the Preference Demand. The Settlement Payment shall be paid within five (5) business days of the execution of this Settlement Agreement and delivered by overnight courier to McCarter & English, Attn: Stacy Lipstein, Four Gateway Center, 100 Mulberry Street, Newark, NJ 07012.

3. **Effective Date**. The Effective Date of this Settlement Agreement shall occur upon (i) execution of the Settlement Agreement by each of the Parties, and (ii) confirmation by the Trustee that the Settlement Payment has cleared the Trustee's bank (the "Effective Date").

4. **Release by the Chapter 7 Trustee**. Except for the obligations expressly set forth in this Settlement Agreement, on the Effective Date, in consideration of the releases set forth in this Settlement Agreement and the receipt of the Settlement Payment, the Chapter 7 Trustee, on

behalf of the Debtors, shall release and forever discharge Hibbs and Hibbs' agents, attorneys, representatives, employees, and successors-in-interest from any and all claims, claims for relief, demands, costs, expenses, damages, liabilities, and obligations of action of any nature whatsoever, liquidated or unliquidated, fixed or contingent, known or unknown, anticipated or unanticipated, or hereafter becoming known that were or could have been asserted in connection with the Debtors' bankruptcy cases, including but not limited to claims and causes of actions arising under chapter 5 of the Bankruptcy Code..

5.  **Release by Hibbs** In consideration of the release set forth in Paragraph 4 herein, Hibbs, on behalf of itself and its representatives ("Releasors"), shall release and forever discharge the Debtors, the Chapter 7 Trustee and the Chapter 7 Trustee's agents, attorneys, representatives, employees, and the successors-in-interest ("Releasees") from any and all claims, claims for relief, demands, costs, damages, liabilities, and obligations of any nature whatsoever, liquidated or unliquidated, fixed or contingent, known or unknown, anticipated or unanticipated, or hereafter becoming known, that were or could have been asserted in connection with the Debtors' bankruptcy cases.

6.  **Proof(s) of Claim and Scheduled Claim(s).** On the Effective Date, any and all proofs of claim filed by Hibbs will be deemed withdrawn with prejudice, null and void and of no effect, and Hibbs and Releasors will not file any other proof of claim in any of the Debtors' bankruptcy cases, including but not limited to the filing of § 502(h) claim relating to the Settlement Payment. Any claim scheduled by the Debtors in favor of the Releasors shall be deemed null and void and of no effect.

7.  **Modifications to the Settlement Agreement.** This Settlement Agreement shall not be modified, altered, amended or vacated without the prior written consent of the Parties.

Any motion or application brought before the Bankruptcy Court to resolve any dispute arising or related to this Settlement Agreement shall be brought on proper notice in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court.

8. **Counterparts**. This Settlement Agreement may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Settlement Agreement by signing any such counterpart and each of such counterparts shall for all purposes be deemed an original. This Settlement Agreement may be executed by facsimile and/or e-mail which shall have the same force and effect as an original signature.

9. **Voluntary Agreement**. The Parties enter into this Settlement Agreement voluntarily and have had the opportunity at their sole discretion to consult with counsel.

10. **Language Construed as Jointly Drafted by the Parties**. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against either of the Parties.

11. **Entire Agreement**. This Settlement Agreement is the entire agreement among the Parties and supersedes all other prior agreements, understandings, or discussions, both written and oral, among the Parties in respect of the subject matter hereof.

12. **Successors and Assigns.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective executors, heirs, successors and assigns.

13. **Further Assurances**. From time to time, upon request, the Parties will, without further consideration, promptly execute, deliver, acknowledge and file all such further

documents agreements, certificates and instruments and to do such further acts as the persons or entities entitled to the benefit of this Settlement Agreement may reasonably require to evidence or effectuate the transactions contemplated by this Settlement Agreement.

14. **Illegality**. If any provision of this Settlement Agreement is held to be illegal, void or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision in this Settlement Agreement. Notwithstanding the foregoing, upon any finding by any court of competent jurisdiction that any release provided for in this Settlement Agreement is illegal, void or unenforceable, each of the Parties agrees, promptly upon the request of the other Party hereto, to execute a release that is legal and enforceable.

15. **Governing Law/Jurisdiction**. The Parties acknowledge and agree that the Bankruptcy Court shall have the exclusive jurisdiction over this Settlement Agreement and that any claims arising out of or related in any matter to this Settlement Agreement shall be properly brought only before the Bankruptcy Court and consents to such Bankruptcy Court's power to hear and determine all such claims as a core proceeding.

16. **No admission of liability**. This Settlement Agreement is in compromise of disputed claims between the Parties, and shall not be construed as an admission by the Parties or by any of their respective present or former directors, officers, employees or agents, of a violation of any federal, state, or local statute, regulation, judicial doctrine, or other law, or a violation of any right, or breach of any duty, obligation or contract. All communications (whether oral or in writing) between and/or among the Parties, their respective counsel and/or other respective representatives relating to, concerning or in connection with this Settlement

Agreement, or the matters covered hereby and thereby, shall be governed and protected in accordance with Federal Rule of Evidence 408 and all other similar rules and laws to the fullest extent permitted by law, and no Party hereto shall seek to admit this Settlement Agreement into evidence against any other party hereto, except in an action to enforce or interpret the terms of this Settlement Agreement.

17. **Captions**. The captions of this Settlement Agreement are for convenience only and are not a part of this Settlement Agreement and do not in any way limit or amplify the terms and provisions of this Settlement Agreement and shall have no effect on its interpretation.

18. **Acknowledgment of the Parties**. Each of the Parties acknowledges that: (i) it has relied on this own independent investigation, and has not relied on any information or representations furnished by any other Party or any representative or agent thereof in determining whether or not to enter into this Settlement Agreement (other than the representations set forth in this Settlement Agreement); (ii) it has conducted its own due diligence in connections therewith, as well as undertaken the opportunity to review information, ask questions and receive satisfactory answers concerning the terms and conditions of this Settlement Agreement; and (iii) it possesses the knowledge, experience and sophistication to allow it to fully evaluate and accept the merits and risks of entering into the transactions contemplated by this Settlement Agreement.

19. **Authorization**. The person executing this Settlement Agreement on behalf of each respective Party warrants and represents that she or he is authorized and empowered to execute and deliver this Agreement on behalf of such Party.

*- Signature Block Shall Appear On The Following Page -*

Dated: January _____, 2016

CHAPTER 7 TRUSTEE

By: _____
Name: Charles A. Stanziale, Jr., Esq.
Title: Chapter 7 Trustee of Teletouch Communications, Inc. and Progressive Concepts, Inc.

Dated: January _13_, 2016

HIBBS HALLMARK & COMPANY

By: _*/s/ Pamela Golsan*_____
Name: Pamela Golsan
Title: Executive Vice President

8

ME1 21741253v.1