# EXHIBIT C

## PROPOSED FORM OF ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| TELETOUCH COMMUNICATIONS, INC., <u>et al.</u>, | Case No. 13-12620 (MFW) |
| Debtors. | (Jointly Administered) |
| CHARLES A. STANZIALE, JR., in his capacity as Trustee of Teletouch Communications, Inc., <u>et al.</u>, | |
| Plaintiff, | Adv. Pro. No. 15-51363 (MFW) |
| v. | |
| DIRECT ENERGY BUSINESS, | |
| Defendant. | |
| CHARLES A. STANZIALE, JR., in his capacity as Trustee of Teletouch Communications, Inc., <u>et al.</u>, | |
| Plaintiff, | Adv. Pro. No. 15-51361 (MFW) |
| v. | |
| HIBBS HALLMARK & COMPANY, | **Re:** |
| Defendant. | |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF**
**SETTLEMENT OF ADVERSARY PROCEEDINGS PURSUANT TO FED. R. BANKR. P. 9019**

Upon consideration of the motion (the "<u>Motion</u>") of Charles A. Stanziale, Jr. in his capacity as the duly appointed, qualified and serving Chapter 7 Trustee of  duly appointed, qualified and serving Chapter 7 Trustee (the "<u>Chapter 7 Trustee</u>"), for Teletouch Communications, Inc. ("<u>Teletouch</u>") and Progressive Concepts, Inc. ("<u>Progressive</u>," and together with Teletouch, the "<u>Debtors</u>"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>")  for approval a settlement between (i) the Chapter 7 Trustee and Direct Energy Business on

the terms and conditions set forth in the settlement agreement the ("Direct Settlement Agreement") annexed to the Motion as Exhibit A, (ii) the Chapter 7 Trustee and Hibbs Hallmark & Company on the terms and conditions set forth in the settlement agreement the ("Hibbs Settlement Agreement") annexed to the Motion as Exhibit B; and the Court finding that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and the record of the hearing; therefore, the Court hereby finds as follows:

A.    The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of the Motion and the Debtors' cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

B.    Notice of the Motion and the Hearing was served on Direct Energy Business, Hibbs Hallmark & Company, the United States Trustee, and all persons and entities who have requested notice pursuant to Bankruptcy Rule 2002 more than twenty (20) days prior to the hearing on the Motion, which notice is adequate and appropriate under the circumstances and no other or further notice is necessary or required under the circumstances; and

C.    No objections to the relief requested in the Motion have been interposed prior to or at the hearing on the Motion.

BASED ON THE FOREGOING FINDINGS, IT IS THEREFORE ORDERED that:

1.    The Motion shall be, and hereby is, Granted.

2.    The Direct Settlement Agreement and the Hibbs Settlement Agreement shall be, and hereby are, approved.

3.    Each provision of the Direct Settlement Agreement and the Hibbs Settlement Agreement shall be, and hereby is, incorporated by reference herein, and thereby has the force and effect of an order of this Court.

4.    The Chapter 7 Trustee shall be, and hereby is, authorized and empowered to take such actions as may be reasonably necessary to implement and effectuate the terms of the Direct

2

Settlement Agreement and the Hibbs Settlement Agreement.

       5.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding any Bankruptcy Rules or Local Rules of this Court to the contrary.

       6.     This Court shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2016
       Wilmington, DE

                                 _____
                                 The Honorable Mary F. Walrath
                                 United States Bankruptcy Judge