## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TELETOUCH COMMUNICATIONS, INC., et al.,<br><br>                 Debtors. | Chapter 7<br><br>Case No. 13-12620 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date: January 24, 2018 @ 2:00 p.m.**<br>**Obj. Deadline: January 10, 2018 @ 4:00 p.m.** |
| CHARLES A. STANZIALE, JR., solely in his capacity as the Chapter 7 Trustee of Teletouch Communications, Inc. and Progressive Concepts, Inc.,<br><br>                 Plaintiff,<br>    v.<br><br>ROBERT McMURREY, THOMAS A. HYDE, JR., DOUGLAS E. SLOAN, CLIFFORD E. McFARLAND, MICHAEL DICKENS, HENRY Y.P. TOH, MARSHAL G. WEBB,  TERRY K. DORSEY, PhD, RONALD L. LATTA, JR., JOSEPH L. HARBERG, RAYMOND C. HEMMIG, SCOTT M. KLEBERG, DAVID W. KNICKEL, AND CHARLES DANIEL YOST,<br><br>                 Defendants. | Adv. Pro. No. 15-51365 (MFW) |

## CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF A COMPROMISE AND SETTLEMENT WITH DEFENDANTS PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Charles A. Stanziale, Jr. (the "Chapter 7 Trustee"), in his capacity as the Chapter 7 Trustee of Teletouch Communications, Inc. and Progressive Concepts, Inc. (collectively, the "Debtors"), by and through his undersigned counsel, submits this motion for an Order, pursuant to Section 105(a) of the Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving

the Chapter 7 Trustee's proposed compromise and settlement with the defendants, i.e., Robert McMurrey, Thomas A. Hyde, Jr., Douglas E. Sloan, Clifford E. McFarland, Michael Dickens, Henry Y.P. Toh, Terry K. Dorsey, Ph.D., and Ronald L. Latta, Joseph L. Harberg, Raymond C. Hemmig, Scott M. Kleberg, David W. Knickel, and Charles Daniel Yost (the "Adversary Defendants") subject to the terms set forth herein. The Adversary Defendants, together with the Chapter 7 Trustee and the Debtors shall collectively be referred to as the "Parties" and each individually a "Party".  In support of the motion, the Chapter 7 Trustee respectfully represents that:

## JURISDICTION, VENUE, PREDICATES FOR RELIEF

1.     The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334(b).

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The predicate for the relief requested herein is Bankruptcy Rule 9019.

## BACKGROUND

A.     **General Bankruptcy Background**

5.     On October 3, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court.  Their cases are being jointly administered under Case No. 13-12620 (MFW) (the "Bankruptcy Proceeding").

6.     On October 3, 2013, the Office of the United States Trustee appointed Charles A. Stanziale as Chapter 7 Trustee of the Debtors' estates.

7.     On November 12, 2013, the Court entered an Order approving the joint

administration of the Debtors' cases.

8.      In accordance with his duties under the Bankruptcy Code, the Chapter 7 Trustee through his professionals commenced an extensive investigation into the assets and liabilities of the Debtors' estates, including potential causes of action related to alleged breaches of fiduciary duties committed by the Debtors' officers and/or directors.

9.      On October 2, 2015, the Trustee commenced an adversary proceeding against Robert McMurrey, Thomas A. Hyde, Jr., Douglas E. Sloan, Clifford E. McFarland, Michael Dickens, Henry Y.P. Toh, Marshall G. Webb, Terry K. Dorsey, Ph.D., and Ronald L. Latta, Joseph L. Harberg, Raymond C. Hemmig, Scott M. Kleberg, David W. Knickel, and Charles Daniel Yost entitled *Charles A. Stanziale, Jr., solely in his capacity as the Chapter 7 Trustee of Teletouch Communications, Inc. and Progressive Concepts, Inc. v. Robert McMurrey, et al.* bearing Adv. Proc. No. 15-51365 (MFW) (the "Adversary Proceeding") and is evidenced by a complaint [Docket No. 1 in the Adversary Proceeding with any amendments thereto] (the "Complaint"), the averments of which speak for themselves and the particulars of which are further described in the Complaint, which averments include, but are not limited to, claims arising under Chapter 5 of the United States Bankruptcy Code (collectively, the "Allegations").

10.     The Adversary Defendants dispute and have denied and continue to deny the Allegations and other assertions made in the Complaint, or any liability associated therewith, including but not limited to, that they have committed, attempted to commit, or aided and abetted, conspired, or acted in concert in the commission of:  (i) any breach of fiduciary duty, (ii) any unjust enrichment, (iii) any corporate waste, (iv) any violation of 11 U.S.C. § 548(a)(1)(B), (v) any violation of 11 U.S.C. § 544 and/or 6 Del. C. § 1304(a), (vi) any violation of 11 U.S.C. § 544(b) and/or 6 Del. C. § 1305(a), (vii) any violation of 11 U.S.C. § 550, (viii) any violation of

3

11 U.S.C. § 502(d) and/or (J), or (ix) that they have engaged in any of the wrongful acts alleged in the Adversary Proceeding.

11.     In voluntary mediation with the assistance of a mediator, the Parties have agreed to resolve all disputes between them, including any claims that were made or could have been made in the Debtors' cases or the Adversary Proceeding, without any Party admitting liability to any other Party.

12.     To avoid the expense and uncertainty of further litigation and to settle and resolve their dispute, the Parties have agreed to compromise any and all claims that the Chapter 7 Trustee may assert on behalf of the Debtors against the Adversary Defendants, on the terms set forth herein

## PROPOSED SETTLEMENT

13.     The Chapter 7 Trustee and the Adversary Defendants have negotiated a settlement in the amount of One Million Eight Hundred Thousand Dollars ($1,800,000.00) subject to the terms set forth in the *Settlement Agreement and Release* (the "Settlement Agreement"), attached to the proposed form of Order being filed simultaneously herewith as **Exhibit 1**. A summary of the relevant terms of the Settlement Agreement include[1]:

a.     the filing of this Motion by the Chapter 7 Trustee within fifteen (15) business days of mutual execution of the Settlement Agreement that seeks entry of an order by the Bankruptcy Court that approves the Settlement Agreement (the "Approval Order"), and such Approval Order becoming a final order not subject to any stay or appeal ("Final Approval"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, which shall have been approved by the Adversary Defendants prior to the

---

[1] The Settlement Agreement and specific terms therein shall be deemed controlling over the summary of the terms set forth in this Motion.

ME1 26026845v.3

filing and which shall not be opposed by the Adversary Defendants; and

      b.      the entry of Approval Order and its Final Approval;

      c.      the Chapter 7 Trustee's receipt of the Settlement Payment from the Adversary Defendants' insurer within thirty (30) days of the Final Approval, which shall be held in escrow until dismissal of the Adversary Proceeding with prejudice;

      d.      dismissal with prejudice of the Adversary Proceeding, in a form accepted to the Adversary Defendants in advance of the filing of this Motion, within three (3) business days of the receipt and clearance of the Settlement Payment;

      e.      staying litigation of the Adversary Proceeding pending the Parties' efforts to effectuate the terms of the Settlement; and

      f.      The exchange of mutual general releases between the Parties and the exchange of intra-defendant releases as outlined in the Settlement Agreement.

## **REQUESTED RELIEF**

14.      By this Motion, the Chapter 7 Trustee seeks the entry of an order, substantially in the form of the Proposed Form of Order attached hereto as **Exhibit A**, approving the settlement.

15.      Bankruptcy Rule 9019 governs the approval of compromises and settlements, and provides as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

FED. R. BANKR. P. 9019.

16.      The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co.*, 596

F.2d 1102, 1113 (3d Cir. 1979) ("In administering reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims . . .") (internal citation marks and quotation marks omitted).

17.     In determining the fairness and equity of a compromise in bankruptcy, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate . . . the complexity, expense and likely duration of such litigation . . . all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

18.     The United States Court of Appeals for the Third Circuit has enumerated four factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin* (*In re Martin*), 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)); *accord In re Nutraquest, Inc.,* 434 F.3d 639, 644 (3d Cir. 2006).

19.     Furthermore, the decision to approve a compromise is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296.  In making its decisions, the bankruptcy court should not substitute its judgment for that of the

debtor.  The court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); *see also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise.  Rather, the court must conclude that the settlement is within the range of litigation possibilities") (internal quotation marks and citations omitted).

20.    In passing on the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Chapter 7 Trustee, the parties and their counsel in determining the reasonableness of the proposed settlement." *In re Bell & Beckwith*, 77 B.R. 606, 612 (Bankr. N.D. Ohio), *aff'd*, 87 B.R. 412 (N.D. Ohio 1987); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness . . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other") (internal citations omitted).

21.    The Chapter 7 Trustee believes that the settlement rises well above the "lowest point in the range of reasonableness."  Additionally, as discussed more fully below, each of the applicable *Martin* factors set forth above weighs in favor of approving the settlement.  The Court should therefore approve the Settlement Agreement pursuant to Bankruptcy Rule 9019 and applicable law.

**<u>Probability of Success in Litigation & Likely Difficulties in Collection</u>**

22.    Absent the Settlement Agreement, the claims would need to be litigated with no

7

assurances of a favorable outcome for the Debtors' estates.  The claims raised by the Chapter 7 Trustee and the defenses raised by the Adversary Defendants would be complex, highly fact-specific,  and likely require a trial on the merits.  The resolution of those claims would be time-consuming for the Court and of uncertain outcome or benefit to the estates.  Based on the foregoing, and as explained below, the Chapter 7 Trustee submits that the settlement reached with the Adversary Defendants is justified and a proper exercise of his business judgment and falls well above the lowest point in the range of reasonableness and is in the best interests of the estates and their creditors.

23.     The resolution of the claims under the terms and conditions of the Settlement Agreement is a favorable outcome for the Debtors' estates and their creditors because the resolution will save the Debtors' estates from incurring significant attorneys' time and expenses in any attendant litigation and protect the Debtors from the risk of an unfavorable outcome.  Indeed, the Chapter 7 Trustee evaluated and considered the merits of the affirmative defenses asserted by the Adversary Defendants when entering into the Settlement Agreement.

24.     Were the matter to proceed to trial and judgment, the Chapter 7 Trustee may also have difficulty in collection should he need to pursue the individual Adversary Defendants, an issue which this settlement negates.

**Complexity of Litigation Involved, and Expense, Inconvenience, and Delay Necessarily Attending the Litigation**

25.     As stated above, the claims involve sufficiently complex legal and factual issues regarding the alleged transfers that may be avoidable under Chapter 5 of the Bankruptcy Code, defenses under Section 546(e), determination of insider status, complex leveraged buyout matters, and breach of fiduciary duty claims, which will likely require protracted litigation.  The settlement avoids these obstacles and their attendant expenses in favor of a prompt and efficient

resolution without the need to expend further estate resources.

**Paramount Interest of Creditors**

26.     Finally, entry into the Settlement also serves the paramount interest of the creditors of the Debtors' estates.  Resolution of the claims through the Settlement Agreement represents a successful outcome for the Debtors' creditors by obviating the need for potentially protracted litigation and the expenses necessarily attendant to such litigation.  The fourth *Martin* factor is therefore satisfied and weighs heavily in favor of the Court approving the Settlement.

27.     Based on the foregoing, the Chapter 7 Trustee submits that approval of the Settlement Agreement is in the best interests of the Debtors' estates and their creditors because it eliminates the possibility of any protracted litigation with the Adversary Defendants, eases the administrative burden on these estates, and provides for a meaningful recovery in the amount of $1,800,000.00 for the benefit of the Debtors' estates and their creditors.  The Settlement therefore represents a compromise between the parties that is fair and equitable and in the best interests of the Debtors' estates and their creditors.

## NOTICE

28.     The Chapter 7 Trustee has served the Motion on the master service list, including the United States Trustee, counsel to the Adversary Defendants, and those parties who requested notice under Bankruptcy Rule 2002, pursuant to the Order Establishing Notice and Service Procedures [Docket No. 41].  Notice of the motion is being served on all known creditors with instructions on how to obtain a complete copy of all of the Motion papers.

29.     No prior request for the relief sought herein has been made to any court.

## CONCLUSION

WHEREFORE, the Chapter 7 Trustee respectfully requests that this Court enter the attached Proposed Form of Order granting Chapter 7 Trustee's motion approving the settlement and granting such other and further relief as the Court deems just and equitable.

Dated: December 13, 2017                **McCarter & English, LLP**
Wilmington, Delaware

                                        By: */s/ Kate R. Buck*_____
                                        Kate R. Buck (DE #5140)
                                        Renaissance Centre
                                        405 N. King Street, 8th Floor
                                        Wilmington, DE 19801
                                        Telephone 302.984.6300
                                        Facsimile 302.984.6399
                                        kbuck@mccarter.com

                                                - and -

                                        Charles A. Stanziale, Jr.
                                        Clement Farley
                                        Jeffrey T. Testa
                                        Four Gateway Center
                                        100 Mulberry Street
                                        Newark, NJ 07102
                                        Telephone: (973) 622-4444

                                        *Counsel to Charles A. Stanziale, Jr., the Chapter 7*
                                        *Trustee/Plaintiff*