# Exhibit A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| TELETOUCH COMMUNICATIONS, INC., et al., | Case No. 13-12620 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Related Document No. ___** |
| CHARLES A. STANZIALE, JR., solely in his capacity as the Chapter 7 Trustee of Teletouch Communications, Inc. and Progressive Concepts, Inc., | Adv. Pro. No. 15-51365 (MFW) |
| Plaintiff, | |
| v. | |
| ROBERT McMURREY, THOMAS A. HYDE, JR., DOUGLAS E. SLOAN, CLIFFORD E. McFARLAND, MICHAEL DICKENS, HENRY Y.P. TOH, MARSHAL G. WEBB,  TERRY K. DORSEY, PhD, RONALD L. LATTA, JR., JOSEPH L. HARBERG, RAYMOND C. HEMMIG, SCOTT M. KLEBERG, DAVID W. KNICKEL, AND CHARLES DANIEL YOST, | **Related Document No. ___** |
| Defendants. | |

## ORDER GRANTING APPROVAL OF A COMPROMISE AND SETTLEMENT WITH DEFENDANTS PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon consideration of the motion (the "Motion") filed by Charles A. Stanziale, Jr., (the "Chapter 7 Trustee") in his capacity as the Chapter 7 Trustee of Teletouch Communications, Inc. and Progressive Concepts, Inc. (collectively, the "Debtors"), through his attorneys, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, for approval of the Chapter 7

Trustee's settlement with the Adversary Defendants[1] in this adversary action, on the terms and conditions set forth in **Exhibit 1** hereto; and the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this matter is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2); and the Court further finding that the Motion was served on the master service list, including the United States Trustee, counsel to the Adversary Defendants, and those parties who requested notice under Bankruptcy Rule 2002, pursuant to the Order Establishing Notice and Service Procedures [Docket No. 41]; and notice of the Motion was served on all known creditors, which notice is adequate and appropriate under the circumstances and no other or further notice is necessary or required under the circumstances; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and the Court further finding that good and sufficient cause exists for granting the relief requested in the motion; therefore, after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Motion is granted in its entirety.

2.      Pursuant to Bankruptcy Rule 9019(a), the Settlement Agreement, attached hereto as **Exhibit 1**, is hereby approved in its entirety.

3.      The Chapter 7 Trustee is authorized and empowered to take such actions as may be reasonably necessary to implement and effectuate the terms of the Settlement Agreement.

4.      The Parties shall execute or cause to be executed any and all agreements, instruments, and documents, and shall take such other or further actions in good faith as may be necessary to fully effectuate the terms of the Settlement Agreement.

5.      This Order shall be binding upon all creditors and interest holders of the Debtor and parties-in-interest in this Chapter 7 case.

---

[1] Any capitalized terms not defined herein shall have the meaning ascribed in the Motion.

2

6. To the extent that the Motion is inconsistent with this Order or the Settlement Agreement attached hereto, the terms of this Order and the Settlement Agreement shall govern.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the settlement and this Order.

Dated: _____, 2018
      Wilmington, DE

                                                  _____
                                                  The Honorable Mary F. Walrath
                                                  United States Bankruptcy Judge

# Exhibit 1

**Settlement Agreement and Release**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TELETOUCH COMMUNICATIONS,<br>INC., et al.,<br><br>        Debtors.<br><br>CHARLES A. STANZIALE, JR., solely in<br>his capacity as the Chapter 7 Trustee of<br>Teletouch Communications, Inc. and<br>Progressive Concepts, Inc.,<br><br>        Plaintiff,<br>   v.<br><br>ROBERT McMURREY, THOMAS A.<br>HYDE, JR., DOUGLAS E. SLOAN,<br>CLIFFORD E. McFARLAND, MICHAEL<br>DICKENS, HENRY Y.P. TOH,<br>MARSHAL G. WEBB,  TERRY K.<br>DORSEY, PhD, RONALD L. LATTA,<br>JR., JOSEPH L. HARBERG, RAYMOND<br>C. HEMMIG, SCOTT M. KLEBERG,<br>DAVID W. KNICKEL, AND CHARLES<br>DANIEL YOST,<br><br>        Defendants. | Chapter 7<br><br>Case No. 13-12620 (MFW)<br><br>(Jointly Administered)<br><br><br><br>Adv. Pro. No. 15-51365 (MFW) |

**SETTLEMENT AGREEMENT AND RELEASE**

   This SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is entered into as of this 17th day of November, 2017, by and among the Parties hereto.

   WHEREAS, on October 3, 2013, Teletouch Communications Inc. ("Teletouch") and Progressive Concepts, Inc. ("Progressive") (together, the "Debtors") filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

   WHEREAS, on October 3, 2013, the Office of the United States Trustee appointed Charles A. Stanziale as Chapter 7 Trustee of the Debtors' estates (the "Trustee"); and

   WHEREAS, in the Bankruptcy Case (as defined below), the Trustee commenced the Adversary Proceeding (as defined below) against certain Defendants (as defined below); and

43380108;4

WHEREAS, the Defendants have denied any liability in the Adversary Proceeding; and

WHEREAS, in voluntary mediation with the assistance of the mediator, the Parties have agreed to settle and resolve all disputes between them, including any claims that were made or could have been made in the Proceedings, without any Party admitting liability to any other Party;

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto, intending to be legally bound, agree to this settlement (the "Settlement") as follows:

1.  Parties to this Agreement (collectively, the "Parties"):

    a.  The "Plaintiff":

        i.  Charles A. Stanziale, Jr. as Chapter 7 Trustee of Teletouch Communications, Inc. and Progressive Concepts, Inc.

    b.  The "Defendants":

        i.  Robert McMurrey, Thomas A. Hyde, Jr., Douglas E. Sloan, Clifford E. McFarland, Michael Dickens, Henry Y.P. Toh, Terry K. Dorsey, Ph.D., and Ronald L. Latta, Joseph L. Harberg, Raymond C. Hemmig, Scott M. Kleberg, David W. Knickel, and Charles Daniel Yost.

2.  Actions related to this Agreement (collectively, the "Proceedings"):

    a.  The "Bankruptcy Case":

        i.  *In re Teletouch Communications, Inc., et al.*, Case No. 13-12620 (MFW) (Bankr. D. Del. 2013) (jointly administered).

    b.  The "Adversary Proceeding":

        i.  *Stanziale, Jr. v. McMurrey, et al.*, Adv. Pro. No. 15-51365 (MFW) (Bankr. D. Del. 2015).

3.  Settlement Payment:

    Within thirty (30) days of the date on which Conditions Precedent a and b only (as defined in Paragraph 5 below) are satisfied, Defendants will cause their insurer to make payment of $1.8 million (the "Settlement Payment") into the Trustee's trust account, which shall be held in escrow pending dismissal of the Adversary Proceeding with prejudice. In no event shall any of the Defendants be required to pay any amounts under

43380108;4

this Settlement. Until the Adversary Proceeding has been dismissed with prejudice, (a) no proceeds from the Settlement Payment shall be disbursed, and (b) the proceeds of the Settlement Payment shall not become property of the estates of either of the Debtors in the Bankruptcy Case.

The Settlement embodied in this Agreement is not conditioned on court approval of allocation of recovery amounts among claimants in the Bankruptcy Case, or court approval of any request for attorneys' fees and/or expenses.

4.    Releases:

In consideration for the mutual obligations contained herein, and effective upon the Effective Date (as defined below)[1]:

a.    Except for the obligations to be performed under this Agreement, Trustee, on behalf of the Debtors and Debtors' estates, and all of their respective officers, directors, shareholders, agents, affiliates, employees, parents, predecessors, successors, subsidiaries, representatives, attorneys or assigns, and any of their respective affiliated entities and/or any other person or entity acting under the direction, control, or on behalf of them shall, by the terms of this paragraph, which are self-executing, be deemed to release, acquit and forever discharge all current or former officers and directors of Debtors, including but not limited to the Defendants, and all of their respective successors, assigns, representatives, attorneys, agents, insurers, beneficiaries, executors, heirs, administrators and/or any other person or entity acting under the direction, control, or on behalf of them (collectively, the "Defendant Releasees"), from and against any and all debts, demands, actions, suits, damages, losses, sanctions, obligations, costs, claims and rights or causes of action of whatever kind or description, whether known or unknown, asserted or unasserted, whether past or present, whether suspected or unsuspected, whether liquidated or unliquidated, whether arising in common law or by statute or by equity, whether based on contract, tort, or otherwise, or any other form of injury that Trustee, on behalf of the Debtors and Debtors' estates, now has or ever had against the Defendant Releasees, asserted in, based upon, or in any manner connected with, directly or indirectly, the Debtors, the Debtors' estates, and/or the Proceedings, from the beginning of time until the date of this Release.

b.    Except for the obligations to be performed under this Agreement, Defendants, and all of their respective successors, assigns, representatives, attorneys, agents, beneficiaries, executors, heirs, administrators and/or any other person or entity acting under the direction, control, or on behalf of the Defendants shall, by the terms of this paragraph, which are self-executing, be deemed to release, acquit and forever discharge the Trustee, on behalf of the Debtors and Debtors' estates, and all of their respective officers, directors, shareholders, agents, affiliates, employees, parents, predecessors, successors, subsidiaries, representatives,

---

[1] For clarification, none of the releases contemplated herein inure to the benefit of Schiff Hardin, LLP.

43380108;4

attorneys or assigns, and any of their respective affiliated entities and/or any other person or entity acting under the direction, control, or on behalf of them (collectively, the "Plaintiff Releasees"), from and against any and all debts, demands, actions, suits, damages, losses, sanctions, obligations, costs, claims and rights or causes of action of whatever kind or description, whether known or unknown, asserted or unasserted, whether past or present, whether suspected or unsuspected, whether liquidated or unliquidated, whether arising in common law or by statute or by equity, whether based on contract, tort, or otherwise, or any other form of injury that Defendants now have or ever had against the Plaintiff Releasees, asserted in, based upon, or in any manner connected with, directly or indirectly, the Debtors, the Debtors' estates, and/or the Proceedings, from the beginning of time until the date of this Release.

c.     The Defendants, and all of their respective agents, affiliates, employees, parents, predecessors, successors, representatives, attorneys or assigns, and any of their respective affiliated entities and/or any other person or entity acting under the direction, control, or on behalf of them shall, by the terms of this paragraph, which are self-executing, be deemed to release, acquit and forever discharge all other Defendants, and all of their respective successors, assigns, representatives, attorneys, agents, insurers, beneficiaries, executors, heirs, administrators and/or any other person or entity acting under the direction, control, or on behalf of such other Defendants (collectively the "Intra-Defendant Releasees"), from and against any and all debts, demands, actions, suits, damages, losses, sanctions, obligations, costs, claims and rights or causes of action of whatever kind or description, whether known or unknown, asserted or unasserted, whether past or present, whether suspected or unsuspected, whether liquidated or unliquidated, whether arising in common law or by statute or by equity, whether based on contract, tort, or otherwise, or any other form of injury that the Defendants now have or ever had against the Intra-Defendant Releasees, asserted in, based upon, or in any manner connected with, directly or indirectly, the Debtors, the Debtors' estates or the Proceedings, from the beginning of time until the date of this Release, *provided however that* such release does not release any Defendant's claim for contribution or indemnification against another Defendant arising from claims asserted against the first such Defendant by any person who is not a Party to this Agreement. Notwithstanding the foregoing, the Defendants agree not to assist in, facilitate, provide monetary or non-monetary support for, or in any way aid the filing of claims by any person who is not a Party to this Agreement, based upon, or in any manner connected with, directly or indirectly, the Debtors, the Debtors' estates, and/or the Proceedings.

5.    Conditions Precedent:

The Settlement is conditioned upon the following (the "Conditions Precedent"):

a.     Execution of this Agreement; and

b.      Entry of an order of the Bankruptcy Court approving the Settlement and the terms hereof pursuant to motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Approval Order"), and such Approval Order becoming a final order not subject to any stay or appeal ("Final Approval"); and

c.      Receipt and clearance of the Settlement Payment; and

d.      Dismissal of the Adversary Proceeding.

If any of the Conditions Precedent do not occur, this Agreement shall be deemed null, void and of no effect.

6.      Bankruptcy Court Approval of the Settlement:

Within fifteen (15) business days after execution of this Agreement, the Trustee shall file a motion seeking approval of the Settlement by the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"), which all other Parties shall not oppose. The Motion, the proposed order granting the Motion, and the Dismissal of the Adversary Proceeding (as defined herein) shall be circulated to the Defendants in advance of filing and shall be in forms reasonably acceptable to the Defendants.

7.      Dismissal of the Adversary Proceeding:

Within three (3) business days after receipt of the Settlement Payment by the Trustee from the Defendants' insurer and after clearance of same, the Trustee shall file a stipulation of dismissal with prejudice of the Adversary Proceeding (the "Dismissal") with each party to bear their own fees and costs, except to the extent that Defendants' fees and costs are paid by their insurers. The date the Dismissal is filed shall be deemed the "Effective Date". Simultaneous with the filing of the Dismissal, the Settlement Payment (a) may be disbursed by the Trustee, and (b) the proceeds of the Settlement Payment shall be deemed property of the estates of the Debtors in the Bankruptcy Case.

8.      Litigation Stayed:

Litigation of the Adversary Proceeding shall be stayed pending the Parties' efforts to effectuate the terms of the Settlement.

9.      Termination of the Settlement:

a.      Any Party shall have the right to terminate the Settlement if: (i) the Bankruptcy Court denies approval of the Settlement; or (ii) the Settlement is overturned on appeal.

b.      Any Party seeking to terminate the Settlement under subparagraph (a) shall provide written notice to all other Parties. In the event of termination, the Parties will be returned to the positions they were in immediately prior to the date of

43380108;4

execution of the Agreement, as if the Agreement never existed, and the Settlement Payment shall within 15 days after the effective date of such termination be refunded to Defendants' insurer.

10.    No Admissions:

Defendants each and all deny any wrongdoing and make no admissions concerning the allegations in the Proceedings.  The provisions of this Agreement and all negotiations, discussions and proceedings in connection with this Settlement are not an admission by Defendants of fault, liability or wrongdoing as to any facts or claims alleged or asserted in the Proceedings or in any other actions or proceedings, and shall not be received in evidence or otherwise used in the Proceedings or in any other action or proceeding for any purpose.  If the Settlement does not become final and effective, the Parties will revert to their respective litigation positions as if this Agreement never existed.

11.    Best Efforts and Cooperation:

The Parties shall cooperate and exercise their best efforts to implement the terms of the Settlement, to satisfy the Conditions Precedent, and to reasonably avoid the occurrence of events that would lead to termination of the Settlement.

12.    Authority:

The undersigned represent that they have authority to sign this Agreement on behalf of their respective clients or entity.

12.    Governing Law:

This Agreement shall be governed by and interpreted in accordance with the federal laws of the United States (including the federal common law of contracts) and, to the extent such federal laws are not applicable, by the laws of the State of Delaware without giving effect to principles of conflicts of laws that would require the application of laws of another jurisdiction.

13.    Entire Agreement; Agreement to be Construed as a Whole:

This Agreement contains the entire understanding between the Parties as to all matters referred to herein, except to the extent that this Agreement incorporates, contemplates, or acknowledges an ancillary agreement and such ancillary agreement is executed by the parties thereto.  No other representations, covenants, undertakings, or prior or contemporaneous agreements, whether oral or written, regarding any matters that are not specifically contained in, incorporated into, or acknowledged by this Agreement, shall be deemed to have any effect or binding impact upon the Parties.  This Agreement has been jointly negotiated by the Parties and is agreed to by the Parties.  The language of this Agreement shall be construed as a whole according to its fair meaning and in accordance with its purpose and without regard to whom may have drafted any particular provision herein.

14.    Counterparts:

This Agreement may be executed in any number of counterparts and by e-mail, all of which taken together shall constitute one and the same instrument, and any of the Parties may execute this Agreement by signing any such counterpart, provided that this Agreement shall not become effective until all Parties have executed the same.

15.    Amendments or Modifications:

This Agreement may only be amended or modified by a writing signed by all Parties. No waiver of any breach of this Agreement shall be construed as an implied amendment or agreement to amend or modify any provisions of this Agreement. Any notices required or contemplated herein shall also be in writing.

16.    Agreement Supported by Consideration; No Duress:

The Parties agree, covenant, represent, and warrant that this Agreement is supported by consideration and that this Agreement is being entered into knowingly, voluntarily, without mental reservation, with no purpose of evasion, and with the intent to be legally bound hereby, without coercion of any kind, in part to remove the uncertainty and expenses of additional negotiations and further or possible future litigation and with an adequate opportunity for and the actual benefit of the assistance and advice of legal counsel.

17.    No Admission:

This Agreement represents the full settlement and compromise of disputed claims. Neither the execution nor the performance of this Agreement shall be construed as an admission of liability on the part of any Party to this Agreement, and all Parties expressly deny any such liability.

18.    Nonreliance:

Each Party expressly assumes any and all risk that the facts and law may be or become different from the facts and law as known to, or believed to be, by the Parties as of the date of this Agreement, and no Party has relied upon any information supplied by the other or its counsel, or upon any obligation or alleged obligation of the other Party or its counsel to disclose information relevant to this Agreement.

19.    Binding Effect; Benefit:

This Agreement shall inure to the benefit of and be binding upon the Parties, and their respective successors, administrators, trustees, heirs, executors, and assigns. Except as specifically set forth herein, nothing in this Agreement, express or implied, is intended to confer upon any other person any rights, remedies, obligations, or liabilities.

43380108;4

20.     Acknowledgment of Legal Advice:

The Parties acknowledge and agree that they enter into this Agreement after consultation with their attorneys, that their attorneys have explained the terms of this Agreement, and that they fully understand and voluntarily accept the terms of this Agreement.

21.     Rule of Construction:

The Parties and their respective counsel have reviewed this Agreement and acknowledge and agree that any rule of construction that would require an ambiguity, if any, in this Agreement to be construed against the drafter shall not be employed in the interpretation of this Agreement.

22.     Necessary Acts; Further Assurances:

The Parties shall, at their own cost and expense, execute and deliver such further documents and instruments and shall take such other actions as may be reasonably required or appropriate to evidence or carry out the intent and purposes of this Agreement or to show the ability to carry out the intent and purposes of this Agreement, including without limitation any action required to be taken with the Internal Revenue Service or applicable state department of revenue.  In no event shall any Party unreasonably refuse to perform such acts.

23.     Severability:

If any term or other provision of this Agreement is determined to be invalid, illegal or incapable of being enforced by any rule or law, or public policy, all other conditions and provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of this Agreement is not affected in any manner materially adverse to any Party.  Upon such determination that any term or other provision is invalid, illegal, or incapable of being enforced, the Parties hereto shall negotiate in good faith to modify this Agreement so as to effect the original intent of the Parties as closely as possible in an acceptable manner to the end that the Settlement contemplated hereby is fulfilled.

IN WITNESS HEREOF, the Parties have executed and delivered this Agreement as of the date first above written.

[SIGNATURES CONTAINED ON FOLLOWING PAGES]

43380108;4

**PLAINTIFF'S COUNSEL:**

Dated: _Nov. 27_, 2017

By _____
Clement J. Farley
Jeffrey T. Testa
Matthew J. Rifino
McCarter & English, LLP

*Attorneys for Charles Stanziale, Jr. Chapter 7
Trustee of Debtors*

**PLAINTIFF & CHAPTER 7 TRUSTEE OF
DEBTORS:**

Dated: _Nov 20_, 2017

By _____
Charles Stanziale, Jr.

43380108;4

**DEFENDANTS' COUNSEL:**

Dated: 11/27/17, 2017

By _R. Judson Scaggs, Jr._
R. Judson Scaggs, Jr.
Donna L. Culver

Morris, Nichols, Arsht & Tunnell, LLP

*Attorneys for Defendants Robert McMurrey, Thomas A. Hyde, Jr., Douglas E. Sloan, Clifford E. McFarland, Michael Dickens, Henry Y.P. Toh, Terry K. Dorsey, Ph.D., and Ronald L. Latta*

**DEFENDANT ROBERT MCMURREY**

Dated: 11/23, 2017

By _____

**DEFENDANT THOMAS A. HYDE, JR.**

Dated: _____, 2017

By _____

**DEFENDANT DOUGLAS E. SLOAN**

Dated: _____, 2017

By _____

**DEFENDANT CLIFFORD E. MCFARLAND**

Dated: _____, 2017

By _____

**DEFENDANT MICHAEL DICKINS**

Dated: _____, 2017

By _____

43380108;4

**DEFENDANTS' COUNSEL:**

Dated: _____, 2017        By_____
                                      R. Judson Scaggs, Jr.
                                      Donna L. Culver

                                   Morris, Nichols, Arsht & Tunnell, LLP

                                   *Attorneys for Defendants Robert McMurrey,*
                                   *Thomas A. Hyde, Jr., Douglas E. Sloan, Clifford*
                                   *E. McFarland, Michael Dickens, Henry Y.P.*
                                   *Toh, Terry K. Dorsey, Ph.D., and Ronald L.*
                                   *Latta*


**DEFENDANT ROBERT MCMURREY**

Dated: _____, 2017        By_____


**DEFENDANT THOMAS A. HYDE, JR.**

Dated: _____, 2017        By_____


**DEFENDANT DOUGLAS E. SLOAN**

Dated: _____, 2017        By_____


**DEFENDANT CLIFFORD E. MCFARLAND**

Dated: _____, 2017        By_____


**DEFENDANT MICHAEL DICKINS**

Dated: _____, 2017        By_____

43380108;4

**DEFENDANTS' COUNSEL:**

Dated: _____, 2017

By_____
    R. Judson Scaggs, Jr.
    Donna L. Culver

    Morris, Nichols, Arsht & Tunnell, LLP

    *Attorneys for Defendants Robert McMurrey,*
    *Thomas A. Hyde, Jr., Douglas E. Sloan, Clifford*
    *E. McFarland, Michael Dickens, Henry Y.P.*
    *Toh, Terry K. Dorsey, Ph.D., and Ronald L.*
    *Latta*

**DEFENDANT ROBERT MCMURREY**

Dated: _____, 2017

By_____

**DEFENDANT THOMAS A. HYDE, JR.**

Dated: _____, 2017

By_____

**DEFENDANT DOUGLAS E. SLOAN**

Dated: *November 19*, 2017

By _____

**DEFENDANT CLIFFORD E. MCFARLAND**

Dated: _____, 2017

By_____

**DEFENDANT MICHAEL DICKINS**

Dated: _____, 2017

By_____

43380108;4

**DEFENDANTS' COUNSEL:**

Dated: _____, 2017

By_____
R. Judson Scaggs, Jr.
Donna L. Culver

Morris, Nichols, Arsht & Tunnell, LLP

*Attorneys for Defendants Robert McMurrey,*
*Thomas A. Hyde, Jr., Douglas E. Sloan, Clifford*
*E. McFarland, Michael Dickens, Henry Y.P.*
*Toh, Terry K. Dorsey, Ph.D., and Ronald L.*
*Latta*

**DEFENDANT ROBERT MCMURREY**

Dated: _____, 2017

By_____

**DEFENDANT THOMAS A. HYDE, JR.**

Dated: _____, 2017

By_____

**DEFENDANT DOUGLAS E. SLOAN**

Dated: _____, 2017

By_____

**DEFENDANT CLIFFORD E. MCFARLAND**

Dated: _____, 2017

By *Cliff E McFarland*

**DEFENDANT MICHAEL DICKINS**

Dated: _____, 2017

By_____

43380108;4

DEFENDANTS' COUNSEL:

Dated: _____, 2017          By_____
                                R. Judson Scaggs, Jr.
                                Donna L. Culver

                                Morris, Nichols, Arsht & Tunnell, LLP

                                *Attorneys for Defendants Robert McMurrey,*
                                *Thomas A. Hyde, Jr., Douglas E. Sloan, Clifford*
                                *E. McFarland, Michael Dickens, Henry Y.P.*
                                *Toh, Terry K. Dorsey, Ph.D., and Ronald L.*
                                *Latta*

DEFENDANT ROBERT MCMURREY

Dated: _____, 2017          By_____

DEFENDANT THOMAS A. HYDE, JR.

Dated: _____, 2017          By_____

DEFENDANT DOUGLAS E. SLOAN

Dated: November 19, 2017        By_____

DEFENDANT CLIFFORD E. MCFARLAND

Dated: _____, 2017          By_____

DEFENDANT MICHAEL DICKINS

Dated: November 21, 2017        By_____

Page 10 of 12

4338016R:<

**DEFENDANT HENRY Y.P. TOH**

Dated: _____, 2017          By _____

**DEFENDANT TERRY K. DORSEY, PH.D.**

Dated: _____, 2017          By _____

**DEFENDANT RONALD L. LATTA**

Dated: _____, 2017          By _____

435801084

**DEFENDANT HENRY Y.P. TOH**

Dated: _____, 2017          By_____

**DEFENDANT TERRY K. DORSEY, PH.D.**

Dated: Nov 20, 2017          By _____

**DEFENDANT RONALD L. LATTA**

Dated: _____, 2017          By_____

433480108.4

**DEFENDANT HENRY Y.P. TOH**

Dated: _____, 2017        By_____

**DEFENDANT TERRY K. DORSEY, PH.D.**

Dated: _____, 2017        By_____

**DEFENDANT RONALD L. LATTA**

Dated: _Nov. 19_, 2017        By_____

43380108.4

**DEFENDANTS' COUNSEL:**

Dated: Nov. 17 , 2017                    By_____

                                        Brian P. Miller
                                        Samantha J. Kavanaugh
                                        Akerman LLP

                                        *Attorneys for Defendants Joseph L. Harberg,*
                                        *Raymond C. Hemmig, Scott M. Kleberg, David*
                                        *W. Knickel and Charles Daniel Yost*

**DEFENDANT JOSEPH L. HARBERG**

Dated: 11/27 , 2017                     By_____

**DEFENDANT RAYMOND C. HEMMIG**

Dated: _____ , 2017               By_____

**DEFENDANT SCOTT M. KLEBERG**

Dated: _____ , 2017               By_____

**DEFENDANT DAVID W. KNICKEL**

Dated: _____ , 2017               By_____

**DEFENDANT CHARLES DANIEL YOST**

Dated: _____ , 2017               By_____

43380108;4

**DEFENDANTS' COUNSEL:**

Dated: _____, 2017          By_____

                                    Brian P. Miller
                                    Samantha J. Kavanaugh
                                    Akerman LLP

                                    *Attorneys for Defendants Joseph L. Harberg,*
                                    *Raymond C. Hemmig, Scott M. Kleberg, David*
                                    *W. Knickel and Charles Daniel Yost*


**DEFENDANT JOSEPH L. HARBERG**

Dated: _____, 2017          By_____


**DEFENDANT RAYMOND C. HEMMIG**

Dated: _November 17_, 2017          By____*Ray Hemmig*_____


**DEFENDANT SCOTT M. KLEBERG**

Dated: _____, 2017          By_____


**DEFENDANT DAVID W. KNICKEL**

Dated: _____, 2017          By_____


**DEFENDANT CHARLES DANIEL YOST**

Dated: _____, 2017          By_____

43380108;4

**DEFENDANTS' COUNSEL:**

Dated: _____, 2017                By_____

                                       Brian P. Miller
                                       Samantha J. Kavanaugh
                                       Akerman LLP

*Attorneys for Defendants Joseph L. Harberg, Raymond C. Hemmig, Scott M. Kleberg, David W. Knickel and Charles Daniel Yost*

**DEFENDANT JOSEPH L. HARBERG**

Dated: _____, 2017                By_____

**DEFENDANT RAYMOND C. HEMMIG**

Dated: _____, 2017                By_____

**DEFENDANT SCOTT M. KLEBERG**

Dated: 11-17_____, 2017                By _~signature~_____

**DEFENDANT DAVID W. KNICKEL**

Dated: _____, 2017                By_____

**DEFENDANT CHARLES DANIEL YOST**

Dated: _____, 2017                By_____

43380108;4

**DEFENDANTS' COUNSEL:**

Dated: _____, 2017          By_____

                                      Brian P. Miller
                                      Samantha J. Kavanaugh
                                      Akerman LLP

                                      *Attorneys for Defendants Joseph L. Harberg,*
                                      *Raymond C. Hemmig, Scott M. Kleberg, David*
                                      *W. Knickel and Charles Daniel Yost*

**DEFENDANT JOSEPH L. HARBERG**

Dated: _____, 2017          By_____

**DEFENDANT RAYMOND C. HEMMIG**

Dated: _____, 2017          By_____

**DEFENDANT SCOTT M. KLEBERG**

Dated: _____, 2017          By_____

**DEFENDANT DAVID W. KNICKEL**

Dated: *Nov. 17*, 2017                By _____

**DEFENDANT CHARLES DANIEL YOST**

Dated: _____, 2017          By_____

**DEFENDANTS' COUNSEL:**

Dated: _____, 2017           By_____

        Brian P. Miller
        Samantha J. Kavanaugh
        Akerman LLP

        *Attorneys for Defendants Joseph L. Harberg,*
        *Raymond C. Hemmig, Scott M. Kleberg, David*
        *W. Knickel and Charles Daniel Yost*

**DEFENDANT JOSEPH L. HARBERG**

Dated: _____, 2017           By_____

**DEFENDANT RAYMOND C. HEMMIG**

Dated: _____, 2017           By_____

**DEFENDANT SCOTT M. KLEBERG**

Dated: _____, 2017           By_____

**DEFENDANT DAVID W. KNICKEL**

Dated: _____, 2017           By_____

**DEFENDANT CHARLES DANIEL YOST**

Dated: _11/28/17_, 2017           By_____

43380108;4