# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| TELETOUCH COMMUNICATIONS, INC., *et. al.*,[1] | Case No. 13-12620 (MFW) (Jointly Administered) |
| Debtors. | **Hearing Date: June 3, 2020 at 2:00 p.m.** <br> **Objection Deadline: May 27, 2020 at 4:00 p.m.** |

## MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 FOR AN ORDER APPROVING SETTLEMENT AGREEMENT BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

Charles A. Stanziale Jr., the Chapter 7 Trustee ("Chapter 7 Trustee") of the bankruptcy estates of Teletouch Communications, Inc. and Progressive Concepts, Inc., by and through his undersigned counsel, hereby moves ("Motion") this Honorable Court for entry of an order approving the Settlement Agreement (the "Settlement Agreement")[2] by and between the Chapter 7 Trustee and the Texas Comptroller of Public Accounts ("Claimant"), a copy of which is attached as Exhibit 1 to the proposed Order being filed simultaneously herewith and is incorporated herein by reference. In support of this Motion, the Chapter 7 Trustee respectfully represents as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of this chapter 7 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors are: Teletouch Communications, Inc. ("Teletouch") and Progressive Concepts, Inc.
[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

2. The statutory bases for the relief requested herein is 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On October 3, 2013, the above-captioned Debtors each commenced a bankruptcy case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

4. On October 3, 2013, the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. as the Chapter 7 Trustee for the Debtors' estates.

5. On October 28, 2013, after notice and hearing, the Court entered an order allowing, *inter alia*, the Chapter 7 Trustee to conduct limited business operations of the Debtors and obtain credit and incur debt in the form of the post-petition financing from DCP Teletouch Lender, LLC ("DCP") with certain adequate protection afforded to DCP (the "Operating Order") [Docket No. 31]. However, the Chapter 7 Trustee did not operate Teletouch's business post-petition.

6. On November 12, 2013, the Court entered the *Order Directing Joint Administration of the Debtors' Cases Pursuant to Federal Rule of Bankruptcy Procedure 1015(b)* [Docket No. 46].

7. The bar date for a government unit to file a prepetition proof of claim was March 31, 2014 - 180 days from the Petition Date. Fed. R. Bankr. P. 3002(c)(1).

### A. The Claimant's Claims Against Teletouch

8. On March 18, 2014, the Claimant filed a priority claim against Teletouch seeking $1,052.00 for pre-petition sales taxes for the three-day period October 1, 2013 through October 3, 2013, which was entered in Teletouch's Claims Register as claim no. 31-1 ("Claim No. 31").

9. On March 18, 2014, the Claimant also filed a priority claim against Teletouch seeking $86,028.26 for franchise taxes and penalty for the period January 1, 2013 through December 31, 2013, which was entered in Teletouch's Claims Register as claim no. 32-1 ("Claim No. 32").

10. Although Local Bankruptcy Rule 3002-1 provides that the government cannot be required to file a proof of claim or request for allowance of an administrative expense, after the bar date on July 30, 2018, the Claimant filed an Administrative Claim Notice solely against Teletouch (the "Teletouch Notice") seeking $199,394.75 in post-petition franchise taxes (inclusive of penalties and interest) for report years 2014, 2015 and 2018. The Notice was docketed [Docket No. 274] and entered in Teletouch's Claims Register as claim no. 37-1 ("Claim No. 37"). Claim No. 31, Claim No. 32 and Claim No. 37 shall collectively be referred to as the "Teletouch Claims."

### B. The Claimant's Claims Against Progressive

11. On December 6, 2013, the Claimant filed a secured and/or priority claim against Progressive in the amount of $1,773,325.98, which was entered in Progressive's Claims Register as claim no. 40-1 ("Claim No. 40").

12. On November 22, 2019, the Comptroller filed an Administrative Claim Notice (the "Progressive Notice") solely against Progressive seeking $211,276.31 in post-petition franchise taxes (inclusive of penalties and interest) for report years 2014, 2015 and 2018. The

Notice was docketed [Docket No. 294] and erroneously filed in the Teletouch case and assigned claim no. 38-1 ("Claim No. 38"). However, since Claim No. 38 clearly references the debt is against Progressive, it is included here with the Progressive claims.

13. Although Local Bankruptcy Rule 3002-1 provides that the government cannot be required to file a proof of claim or request for allowance of an administrative expense, after the bar date on July 30, 2018, the Claimant filed an Administrative Claim Notice solely against Progressive (the "Progressive Notice") seeking $211,276.31 in post-petition franchise taxes (inclusive of penalties and interest) for its joint and several liability for report years 2014, 2015 and 2018. The Notice was docketed [Docket No. 294] and entered in Progressive's Claims Register as claim no. 57-1 ("Claim No. 57"). Claim No. 38 and Claim No. 57 shall collectively be referred to as the "Progressive Claims" and collectively with the Teletouch Claims, the "Claims."

C. **Trustee's Objection to Claimant Claim**

14. On November 18, 2019, the Trustee filed a *Motion for Entry of an Order (1) Reclassifying Claim No. 37 from Administrative Claim to Priority Unsecured Claim, and (2) Disallowing the Late-Filed Claim* (the "Claim Motion") [Docket No. 293].

15. On December 20, 2019, the Comptroller filed an objection to the Claim Motion [Docket No. 297] ("Objection") asserting that the claim was incurred post-petition and thus not subject to reclassification.

**RELIEF REQUESTED**

16. In accordance with his duties under the Bankruptcy Code, the Chapter 7 Trustee has reviewed the Claim Motion, the Objection, the Claims, the Teletouch Notice and the Progressive Notice (collectively, the "Claim Issues"), as well as investigated potential claims

against Claimant. Based on this review and ongoing, good faith, arms'-length negotiations with representatives of the Claimant, the Chapter 7 Trustee believes, in his business judgment, that resolution of the Claim Issues based on the terms set forth in the Settlement Agreement, is in the best interest of the Debtors' estates, all creditors and all other parties in interest.

17. The significant terms of the Settlement Agreement are as follows:

a. all Claims, other than (i) Claim No. 37 (the "<u>Teletouch Allowed Administrative Claim</u>") (ii) Claim No. 57 (the "<u>Progressive Allowed Administrative Claim</u>" and collectively with the Teletouch Allowed Administrative Claim, the "<u>Allowed Claims</u>") and (iii) Claim No. 40, are disallowed in full;

b. Claim No. 32 is reduced to the amount of $7,500 and will be paid under the terms of the Settlement Agreement;

c. Claim No. 57 will be allowed in full and will be paid under the terms of the Settlement Agreement;

d. the Chapter 7 Trustee reserves his right to review and object to Claim No. 40; and

e. the Chapter 7 Trustee, the Chapter 7 Trustee's retained professionals, the Debtors and the Debtors' Estates and the Claimant mutually release each other of all claims, known or unknown, except Claim No. 40.

**BASIS FOR RELIEF REQUESTED**

18. Bankruptcy Rule 9019(a) governs the approval of compromises and settlements, and provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

19. The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979) ("In administrating reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims ... .") (internal citation marks and quotation marks omitted).

20. In determining the fairness and equity of a compromise, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate ... the complexity, expense and likely duration of such litigation ... all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

21. The United States Court of Appeals for the Third Circuit has enumerated four (4) factors that should be considered in determining whether a compromise should be approved:

"(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin* (*In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)).

22.     Furthermore, the decision to approve a compromise is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296. In making its decision, the Court should not substitute its judgment for that of the debtor. The Court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); s*ee also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the Court must conclude that the settlement is within the range of litigation possibilities.") (internal quotation marks and citations omitted).

23.     In passing upon the reasonableness of a proposed compromise, the Court may "take into account the [Trustee's] business judgment in recommending a settlement as well as the opinions of the [Trustee] and the parties to the settlement." *In re NII Holdings, Inc.*, 536 B.R. 61, 100 (Bankr. S.D.N.Y. 2015) (citations omitted).

24.     The Chapter 7 Trustee believes that the Settlement Agreement rises well above the "lowest point in the range of reasonableness" in consideration of the applicable claims. Additionally, each of the applicable Martin factors weigh in favor of approving the Settlement

Agreement. The Court should therefore approve the Settlement Agreement pursuant to Bankruptcy Rule 9019 and applicable law.

25. Regarding the first factor, *i.e.* the probability of success in litigation, while the Chapter 7 Trustee is confident that he could prevail on each of the Claim Issues, he is cognizant of the inherent risks of litigation and also believes that costs to the estates to produce a positive outcome may outweigh any proportional reduction. The terms and conditions of the Settlement Agreement are a favorable outcome for the estates and their respective creditors because the resolution will save the estates from incurring considerable expenses in any attendant litigation and protect the estates from the risk of an unfavorable outcome via the granting of claims in an amount greater than that reached through the settlement agreement.

26. The second factor, *i.e.* the difficulties, if any, to be encountered in the matter of collection, is not relevant to the Settlement Agreement.

27. The third factor, *i.e.* the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, supports approval of the Settlement Agreement. The Settlement Agreement obviates the need for potentially protracted litigation and the expenses necessarily attendant to such litigation in favor of a prompt and efficient resolution without the need to expend further estate resources and will allow the Chapter 7 Trustee to further his goal of completing his administration of the Estates.

28. Finally, entry into the Settlement Agreement also satisfies the fourth factor, *i.e.* serving the paramount interest of the creditors of the estates. Resolution of the Claim Issues between the Chapter 7 Trustee and the Claimant through the Settlement Agreement represents a successful outcome for the Debtors' creditors. The Settlement Agreement will allow the Chapter 7 Trustee to make a greater percentage distribution to allowed creditors than without the

settlement, avoids additional administration expenses, and allows the Chapter 7 Trustee to move forward with completing the administration of these Estates. The fourth Martin factor is therefore satisfied and weighs in favor of the Court approving the Settlement Agreement.

29. Accordingly, based upon the foregoing, the Chapter 7 Trustee respectfully requests that this Court should approve the Settlement Agreement as it is in the best interests of the creditors and the Debtors' estate.

## NOTICE

30. Notice of this Motion will be served on the United States Trustee, counsel for the Claimant and all parties that have requested such notice pursuant to Bankruptcy Rule 2002, and to the extent not included above, all creditors of the Debtors' estates. Complete copies of the Motion will be made available upon written request to undersigned counsel for the Chapter 7 Trustee.

31. In light of the nature of the relief requested herein, the Chapter 7 Trustee submits that no other or further notice is required.

**WHEREFORE**, the Chapter 7 Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, approving the Settlement Agreement and granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: May 13, 2020<br>Wilmington, Delaware | **McCARTER & ENGLISH, LLP**<br><br>*/s/ Shannon D. Humiston*<br>Kate R. Buck (No. 5140)<br>Shannon D. Humiston (No. 5740)<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>Telephone (302) 984-6300<br>Facsimile (302) 984-6399<br>kbuck@mccarter.com<br>shumiston@mccarter.com |

ME1 33341328v.1

*- and -*

Jeffrey T. Testa, Esq.
Clement J. Farley, Esq.
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
jtesta@mccarter.com

*Counsel for the Chapter 7 Trustee*