# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TELETOUCH COMMUNICATIONS, INC., *et. al.*,[1]<br><br>          Debtors. | Chapter 7<br><br>Case No. 13-12620 (MFW)<br>(Jointly Administered)<br><br>**Hearing Date: August 19, 2020 at 2:00 p.m.**<br>**Objection Deadline: July 24, 2020 at 4:00 p.m.** |

**MOTION PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9019 FOR AN ORDER APPROVING
SETTLEMENT AGREEMENT BY AND BETWEEN THE
CHAPTER 7 TRUSTEE AND DCP TELETOUCH LENDER**

Charles A. Stanziale Jr., the Chapter 7 Trustee ("Chapter 7 Trustee") of the bankruptcy estates of Teletouch Communications, Inc. ("Teletouch") and Progressive Concepts, Inc. ("Progressive"), by and through his undersigned counsel, hereby moves ("Motion") this Honorable Court for entry of an order approving the Settlement Agreement (the "Settlement Agreement")[2] by and between the Chapter 7 Trustee and DCP Teletouch Lender a/k/a Downtown Capital Partners, LLC and a/k/a Downtown Partners ("Claimant"), a copy of which is attached as Exhibit 1 to the proposed Order being filed simultaneously herewith and is incorporated herein by reference. In support of this Motion, the Chapter 7 Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of this chapter 7 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein is 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The debtors are: Teletouch Communications, Inc. and Progressive Concepts, Inc. (collectively, the "Debtors").
[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

**BACKGROUND**

3. Teletouch was a publicly held corporation that owned the stock of several entities including that of Progressive.

4. On February 8, 2013, Teletouch and Progressive entered into a Loan and Security Agreement with DCP (as amended from time to time, the "DCP Loan Agreement"), which provided Teletouch and Progressive with (i) a revolving credit facility in a maximum amount of $6.0 Million, and (ii) a maximum of up to $2.0 Million pursuant to a standby term loan.

5. On October 3, 2013, the above-captioned Debtors each commenced a bankruptcy case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

6. On October 3, 2013, the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. as the Chapter 7 Trustee for the Debtors' bankruptcy estates.

7. On October 8, 2013, the Trustee filed the *Trustee's Notice to Change Case from no Asset to Asset and Request to the Clerk to Fix Bar Date* [Docket No. 9].

8. On October 28, 2013, after notice and hearing, the Court entered an order allowing, *inter alia*, the Chapter 7 Trustee to conduct limited business operations of the Debtors and obtain credit and incur debt in the form of the post-petition financing from Claimant with certain adequate protection afforded to Claimant (the "Operating Order") [Docket No. 31].[3] However, the Chapter 7 Trustee did not operate Teletouch's business post-petition.

---

[3] Although the Operating Order covered both Teletouch and Progressive, Teletouch was a holding company and owned as its principal asset only the stock of Progressive. Progressive was the primary operating entity and owned almost all of the Debtors' assets including the buildings and fixed assets, inventory, the subscription base and accounts receivable.

9.  On November 12, 2013, the Court entered the *Order Directing Joint Administration of the Debtors' Cases Pursuant to Federal Rule of Bankruptcy Procedure 1015(b)* [Docket No. 46].

**A.  The Claimant's Claims Against Teletouch and Progressive**

10. On January 13, 2014, Claimant filed a secured claim against Teletouch seeking an amount of no less than $1,338,824.84, which was entered in Teletouch's Claims Register as claim no. 26-1 ("Claim No. 26").

11. On January 13, 2014, Claimant filed a secured claim against Progressive seeking an amount of no less than $1,338,824.84, which was entered in Progressive's Claims Register as claim no. 49-1 ("Claim No. 49" and collectively with Claim No. 26, the "DCP Proofs of Claims").

**B.  Payments Made to Claimant**

12. On July 9, 2014, the *Order Pursuant to Bankruptcy Code Section 105, 363, and 365 and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedures for an Order (A) Approving the Sale of the Mineral Interests and Rights of Progressive Concepts, Inc. in that Certain Paid up Oil and Gas Lease, and (B) Granting Related Relief* [Docket No. 159] was entered by the Court wherein the Claimant was deemed to be the successful bidder having submitted a credit bid of $200,000.

13. During the course of the bankruptcy proceeding, the Chapter 7 Trustee has caused the amount of $429,775 to be disbursed to Claimant under the authority of the Operating Order.

**RELIEF REQUESTED**

14. In accordance with his duties under the Bankruptcy Code, the Chapter 7 Trustee has reviewed the DCP Proofs of Claims and all other issues between the parties.  Based on this

review and ongoing, good faith, arms'-length negotiations with representatives of the Claimant, the Chapter 7 Trustee believes, in his business judgment, that resolution of the DCP Proofs of Claims and all issues associated with DCP in the bankruptcy proceeding based on the terms set forth in the Settlement Agreement, is in the best interest of the Debtors' estates, all creditors and all other parties in interest.

15. The significant terms of the Settlement Agreement are as follows:

　　a.　within two (2) business days of the Effective Date (as defined in the Settlement Agreement, the Chapter 7 Trustee shall disburse to Claimant the sum of $620,183.08 from the Progressive estate (the "Settlement Payment"); and

　　b.　Upon the Effective Date, (i) the DCP Proofs of Claims shall be deemed expunged, (ii) Claimant shall not file any other further proof of claim or seek any other payment or distribution in these bankruptcy proceedings, and (iii) Claimant consents to and shall not file any objection to any applications by the Chapter 7 Trustee for his statutory commission or the Chapter 7 Trustee's professionals for their professional fees; and

　　c.　the Chapter 7 Trustee, the Chapter 7 Trustee's retained professionals, the Debtors and the Debtors' estates and the Claimant mutually release each other of all claims, known or unknown.

## BASIS FOR RELIEF REQUESTED

16. Bankruptcy Rule 9019(a) governs the approval of compromises and settlements, and provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture

> trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

17. The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979) ("In administrating reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims ... .") (internal citation marks and quotation marks omitted).

18. In determining the fairness and equity of a compromise, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate ... the complexity, expense and likely duration of such litigation ... all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

19. The United States Court of Appeals for the Third Circuit has enumerated four (4) factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin* (*In re Martin)*, 91

7

F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)).

20. Furthermore, the decision to approve a compromise is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296. In making its decision, the Court should not substitute its judgment for that of the Chapter 7 Trustee. The Court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); s*ee also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the Court must conclude that the settlement is within the range of litigation possibilities.") (internal quotation marks and citations omitted).

21. In passing upon the reasonableness of a proposed compromise, the Court may "take into account the [Trustee's] business judgment in recommending a settlement as well as the opinions of the [Trustee] and the parties to the settlement." *In re NII Holdings, Inc.*, 536 B.R. 61, 100 (Bankr. S.D.N.Y. 2015) (citations omitted).

22. The Chapter 7 Trustee believes that the Settlement Agreement rises well above the "lowest point in the range of reasonableness" in consideration of the applicable claims. Additionally, each of the applicable Martin factors weigh in favor of approving the Settlement Agreement. The Court should therefore approve the Settlement Agreement pursuant to Bankruptcy Rule 9019 and applicable law.

23. Regarding the first factor, *i.e.* the probability of success in litigation the Chapter 7 Trustee is cognizant of the risks of litigation and the Chapter 7 Trustee believes he could not

8

have achieved a more favorable result if the matters were litigated. Because the Chapter 7 Trustee believes the proposed Settlement Amount is the maximum amount that he could have reduced the claim, the Chapter 7 Trustee has achieved the maximum benefit without incurring any litigation expenses.

24. The second factor, *i.e.* the difficulties, if any, to be encountered in the matter of collection, is not relevant to the Settlement Agreement.

25. The third factor, *i.e.* the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, supports approval of the Settlement Agreement. The Settlement Agreement obviates the need for potentially protracted litigation and the expenses necessarily attendant to such litigation in favor of a prompt and efficient resolution without the need to expend further estate resources and will allow the Chapter 7 Trustee to further his goal of completing his administration of the estates.

26. Finally, entry into the Settlement Agreement also satisfies the fourth factor, *i.e.* serving the paramount interest of the creditors of the estates. Resolution of the DCP Proofs of Claims through the Settlement Agreement represents a successful outcome for the Debtors' creditors. The Settlement Agreement allows the Chapter 7 Trustee to resolve the matter for less than the face amount of the DCP Proofs of Claim, provides the Chapter 7 Trustee the funds for a carve-out of $50,000 for unsecured creditors, and avoids any additional administrative costs. The Settlement Agreement will allow the Chapter 7 Trustee to make a greater percentage distribution to allowed creditors than without the settlement and allows the Chapter 7 Trustee to move forward with completing the administration of these estates. The fourth Martin factor is therefore satisfied and weighs in favor of the Court approving the Settlement Agreement.

27. Accordingly, based upon the foregoing, the Chapter 7 Trustee respectfully requests that this Court should approve the Settlement Agreement as it is in the best interests of the creditors and the Debtors' estates.

ME1 33475364v.5

**NOTICE**

28. The Motion will be served on the United States Trustee, counsel for the Claimant, all parties that have requested such notice pursuant to Bankruptcy Rule 2002, and to the extent not included above, any party on the Core Service List and Master Service List pursuant to the *Order Establishing Notice and Service Procedures* [Docket No. 41].

29. In light of the nature of the relief requested herein, the Chapter 7 Trustee submits that no other or further notice is required.

**WHEREFORE**, the Chapter 7 Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, approving the Settlement Agreement and granting such other and further relief as is just and proper.

Dated: July 10, 2020
Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

*/s/ Shannon D. Humiston*
Kate R. Buck (No. 5140)
Shannon D. Humiston (No. 5740)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone (302) 984-6300
kbuck@mccarter.com
shumiston@mccarter.com

- and -

Jeffrey T. Testa, Esq.
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
jtesta@mccarter.com

*Counsel for the Chapter 7 Trustee*

10