**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| TELETOUCH COMMUNICATIONS, INC., *et. al.*,[1] | Case No. 13-12620 (MFW) (Jointly Administered) |
| Debtors. | **Hearing Date: September 16, 2020 at 2:00 p.m.**<br>**Objection Deadline: August 28, 2020 at 4:00 p.m.** |

**CHAPTER 7 TRUSTEE'S FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN: (A) DUPLICATE; AND (B) WRONG DEBTOR CLAIMS**

**THE OBJECTION SEEKS TO ALTER YOUR RIGHTS. THEREFORE, YOU SHOULD READ THE OBJECTION AND THE EXHIBIT(S) THERETO CAREFULLY AND YOU MAY WISH TO CONSULT AN ATTORNEY TO DISCUSS SAME. THE EXHIBIT ATTACHED TO THE PROPOSED FORM OF ORDER LISTS ALL OF THE CLAIMS THAT ARE THE SUBJECT OF THE OBJECTION. PARTIES RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND THEIR DISPUTED CLAIMS IDENTIFIED ON THE EXHIBITS TO THE ATTACHED PROPOSED ORDER**

Charles A. Stanziale, Jr., in his official capacity as the Chapter 7 Trustee (the "Chapter 7 Trustee") of the jointly administered bankruptcy estates of Teletouch Communications, Inc. ("Teletouch") and Progressive Concepts, Inc. ("Progressive" collectively, the "Debtors"), by and through his counsel, McCarter & English, LLP, hereby submits the *Chapter 7 Trustee's First Omnibus (Non-Substantive) Objection to Certain: (A) Duplicate; and (B) Wrong Debtor Claims* (the "Objection"), for the entry of an order, pursuant to section 502 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), disallowing, with prejudice, each Claim (defined herein) listed on **Exhibit A** to the proposed form of order (the "Proposed Order") annexed hereto as **Exhibit 1** and incorporated herein by reference. In support

---

[1] The Debtors are: Teletouch Communications, Inc. and Progressive Concepts, Inc.

ME1 33971235v.1

of the Objection, the Chapter 7 Trustee submits his declaration (the "Stanziale Declaration"), attached hereto as **Exhibit 2** and incorporated herein by reference, and respectfully states as follows:

## JURISDICTION, VENUE, AND STATUTORY BASIS FOR RELIEF

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O). Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the requested relief herein are 11 U.S.C. §§ 105 and 502, Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1.

## BACKGROUND

### A. General Background of the Debtors' Bankruptcy Proceeding

3. Teletouch was a publicly held corporation that owned the stock of several entities including that of Progressive. Prior to the Petition Date (defined *infra*.), Teletouch had offered a comprehensive suite of telecommunications products and services, including cellular, two-way radio, GPS-telemetry, wireless messaging and public safety equipment. Teletouch acted as a primary authorized services provider and billing agent of AT&T Products and Services to consumers, governmental agencies and businesses. Progressive was a wholly owned subsidiary and the primary operating business of Teletouch. Progressive operated a national distribution business serving national cellular carrier agents as well as auto dealers and consumer electronics retailers with product sales and support.

4. On October 3, 2013 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code and the Office of the United States

Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. to serve as the chapter 7 Trustee for the Debtors' estates.

**B.    The Bar Dates**

5.    On October 10, 2013, the Clerk of the Bankruptcy Court filed and served the *Notice that There are Assets from Which a Dividend Might Possibly be Paid to Creditors* (the "Bar Date Notice") [Docket No. 10]. The Bar Date Notice stated that all claims by all creditors, other than a governmental unit, must be received by the Bankruptcy Clerk by January 11, 2014 and that claims by governmental entities must be filed by April 1, 2014.

**C.    The Claims Reconciliation Process**

6.    The Chapter 7 Trustee and his advisors are in the process of comprehensively reviewing and reconciling the prepetition claims filed against the Debtors and their respective bankruptcy estates together with the administrative expense claims filed pursuant to section 503(b)(9) of the Bankruptcy Code or otherwise.

7.    To reduce the number of claims, and to avoid an improper recovery by claimants, the Chapter 7 Trustee anticipates filing a number of omnibus objections to claims and stand-alone objections to claims. This Objection is one of the omnibus objections to claims.

**SUMMARY OF RELIEF REQUESTED**

8.    By this Objection, the Chapter 7 Trustee seeks entry of an Order, substantially in the form of the Proposed Order, disallowing the proofs of claim identified on **Exhibits A** and **B** of the Proposed Order, with prejudice. Bankruptcy Rules 3007 and 9014, and Local Rule 3007-1. The proofs of claim referenced on **Exhibits A** and **B** to the Proposed Order shall collectively be referred to as the "Claims" or each a "Claim".

**BASIS FOR RELIEF REQUESTED**

9.    Pursuant to Bankruptcy Code Section 502(a), a claim that is properly filed under

Rule 3001 and Bankruptcy Code section 501 is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a); *see also Caruso v. Hofmeister (In re Revstone Industries, LLC)*, 2019 WL 2929328, *6 (D. Del. July 8, 2019). A bankruptcy trustee has a duty to object to the allowance of any claim that is improper. *See* 11 U.S.C. §§ 704(a)(5), 1106(a)(1) and 1107(a).

10. Although the claimant always bears the burden of persuasion, the burden of proof shifts throughout the claims administration process, as described by the Third Circuit:

> Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "prima facie" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. It is often said that the objector must produce evidence equal in force to the prima facie case.... In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-174 (3d Cir. 1992) (internal citations omitted).

**A.    Duplicate Claims**

11. The Chapter 7 Trustee objects to the Proofs of Claim identified on **Exhibit A** to the Proposed Order (the "Duplicate Claims"), because it appears that claimants for each of the Duplicate Claims assert, respectively, the same liabilities and same amount against the same Debtor.

12. It is "axiomatic" that a claimant is not entitled to multiple recoveries for a single liability against a single debtor. *See In re Handy Andy Home Improvement Ctrs., Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998); *see also In re Finley, Kimble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) (recognizing that "multiple recoveries for an identical injury are generally disallowed") (citations omitted); *DBL*

*Liquidating Trust v. P.T. Tirtamas Majutama (In re Drexel Burnham Lambert Group, Inc.)*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (disallowing proof of claim as duplicative of another proof of claim).

13.     Here, if the Duplicate Claims are not disallowed and expunged, the parties that filed these Duplicate Claims may receive an excessive recovery to the detriment of other creditors.  Moreover, eliminating the Duplicate Claims will enable the Chapter 7 Trustee to maintain a more accurate claims register.  Accordingly, for the reasons set forth herein and in the Stanziale Declaration, the Chapter 7 Trustee requests that the Court disallow and expunge the Duplicate Claims as set forth on **Exhibit A** to the Proposed Order in the column entitled "Disallowed Claim Number".

B.     **Reassignment of Certain Claims Filed Against the Wrong Debtor**

14.     As set forth more fully in **Exhibit B** to the Proposed Order, which is incorporated herein by reference, the Chapter 7 Trustee has determined, after a review of the Proofs of Claims filed in the Debtors' cases, the Claim referenced under the column entitled "Objectionable Claim Number" were improperly filed against the wrong Debtor ("Wrong Debtor Claim").  Therefore, for the reasons set forth herein and in the Stanziale Declaration, the Chapter 7 Trustee requests that the Claim set forth in **Exhibit B** to the Proposed Order be reassigned in its entirety (the "Reassigned Claims") for the reasons set forth on **Exhibit B** under the column entitled "Reason for Reassignment."

### Responses To This Objection

15.     To contest this Objection, a claimant must file and serve a written response (a "Response") so that it is received no later than August 28, 2020 at 4:00 p.m. (prevailing Eastern Time) (the "Response Deadline").  Every Response must be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware at 824 Market Street, 3rd Fl., Wilmington,

Delaware 19801, and served such that the Response is received no later than the Response Deadline, by the undersigned counsel:

| | |
|---|---|
| Kate R. Buck, Esq. | Jeffrey T. Testa, Esq. |
| Shannon D. Humiston, Esq. | McCarter English, LLP |
| McCarter English, LLP | Four Gateway Center |
| Renaissance Centre | 100 Mulberry Street |
| 405 N. King Street, 8th Floor | Newark, NJ 07102 |
| Wilmington, DE 19801 | |

16. Every Response to this Objection must contain at a minimum the following information:

   a. a caption setting forth the name of the Court, the name of the Debtor, the case number, and the title of the Objection to which the Response is directed;

   b. the name of the claimant, his/her/its Claim number, and a description of the basis for the amount of the claim;

   c. the specific factual basis and supporting legal argument upon which the claimant will rely in opposing this Objection;

   d. any supporting documentation, to the extent it was not included with the Claim previously filed with the Clerk of Court, upon which the claimant will rely to support the basis for and amounts asserted in the Claim; and

   e. the name, address, telephone number, fax number and email address, if available, of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Chapter 7 Trustee should communicate with respect to the Objection and the Response and who possess authority to reconcile, settle or otherwise resolve the Objection and Response on behalf of the claimant.

17. If a claimant fails to file and serve a timely Response by the Response Deadline, the Chapter 7 Trustee may present to the Court an appropriate Order disallowing or reassigning such claimant's Claim, without further notice to the claimant or a hearing.

### Replies to Responses

18. Consistent with Local Rule 9006-1(d), the Chapter 7 Trustee may, at his option, file and serve a reply to a Response no later than 4:00 p.m. (prevailing Eastern Time) on the day

prior to the deadline for filing the agenda on any hearing to consider this Objection.

## SEPARATE CONTESTED MATTERS

19. To the extent a response is filed regarding any Claim listed in this Objection and the Chapter 7 Trustee is unable to resolve the response, each Claim, and the objection by the Chapter 7 Trustee to each of the Claims asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding any individual objection asserted in this Objection shall be deemed a separate order with respect to each affected Claim.

## RESERVATION OF RIGHTS

20. The Chapter 7 Trustee expressly reserves the right to amend, modify or supplement this Objection and to file additional objections to the Claims or any other proofs of claim (filed or not) which may be asserted against the Debtors' bankruptcy estates. Should the grounds for objection to the allowance of the Claims stated in this Objection be dismissed or overruled, the Chapter 7 Trustee reserves the right to object on any other grounds that the Chapter 7 Trustee discovers during the pendency of the Debtors' cases under Chapter 7 of the Bankruptcy Code. Separate notice will be provided and a separate hearing will be scheduled, for any such objection.

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 3007-1

21.     The undersigned representative of McCarter & English, LLP certifies that she has reviewed the requirements of Local Rule 3007-1 and that the Objection substantially complies with that Local Rule. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, McCarter & English, LLP believes such deviations are not material and respectfully requests that any such requirement be waived.

## NOTICE

22.     The Motion will be served on all holders of Claims affected by this Objection. In addition, notice of this Objection has been given to (i) the Office of the United States Trustee for the District of Delaware and (ii) those parties that have formally requested receipt of pleadings pursuant to Bankruptcy Rule 2002. Due to the nature of the relief herein, the Chapter 7 Trustee respectfully submits that no other or further notice of this Objection is required.

23.     Pursuant to Bankruptcy Rule 3007(a), the Chapter 7 Trustee has provided all claimants affected by this Objection with at least thirty (30) days' notice of the hearing to consider the Objection.

## NO PRIOR REQUEST

24.     No prior request for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, for the foregoing reasons and for the reasons set forth in the Stanziale Declaration, the Chapter 7 Trustee respectfully requests that the Bankruptcy Court (i) enter an Order, substantially in the form of the Proposed Order annexed hereto as **Exhibit 1**, granting the relief requested herein, and (ii) grant such other and further relief to the Chapter 7 Trustee as is just and equitable.

| | |
|---|---|
| Dated: August 14, 2020<br>Wilmington, Delaware | **McCarter & English, LLP**<br><br>By: */s/ Shannon D. Humiston*<br>Kate R. Buck (No. 5140)<br>Shannon D. Humiston (No. 5740)<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>Telephone (302) 984-6300<br>Facsimile (302) 984-6399<br>kbuck@mccarter.com<br>shumiston@mccarter.com<br><br>and<br><br>Jeffrey T. Testa, Esq.<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102<br>Telephone: (973) 622-4444<br>jtesta@mccarter.com<br><br>*Counsel to the Chapter 7 Trustee* |

ME1 33971235v.1