# <u>Exhibit 1</u>

## Proposed Form of Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| TELETOUCH COMMUNICATIONS, INC., *et. al.*,[1] | Case No. 13-12620 (MFW) (Jointly Administered) |
| Debtors. | RE: Doc. No. _____ |

## ORDER GRANTING CHAPTER 7 TRUSTEE'S
## FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN:
## (A) DUPLICATE; AND (B) WRONG DEBTOR CLAIMS

Upon the *Chapter 7 Trustee's First Omnibus (Non-Substantive) Objection to Certain: (A) Duplicate; and (B) Wrong Debtor Claims* (the "Objection") filed by Charles A. Stanziale, Jr. (the "Chapter 7 Trustee"), in his capacity as chapter 7 trustee for the jointly administered bankruptcy estates of Teletouch Communications, Inc. ("Teletouch") and Progressive Concepts, Inc. ("Progressive" collectively, the "Debtors"), by and through his attorneys, McCarter & English, LLP, for the entry of this order, pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code"), rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), disallowing each of the proofs of claim listed on **Exhibits A** and **B** hereto with prejudice (each a "Claim" and collectively, the "Claims"); and the Court having considered the Objection, the *Declaration of Charles A. Stanziale, Jr., Pursuant to Local Rule 3007-1, in Support of the Chapter 7 Trustee's First Omnibus (Non-Substantive) Objection to Certain: (A) Duplicate; and (B) Wrong Debtor Claims* (the "Stanziale Declaration"), the Claims, and any responses to the Objection; and the Court finding that good and sufficient cause exists for the granting of the relief requested in the

---

[1] The Debtors are: Teletouch Communications, Inc. and Progressive Concepts, Inc.

ME1 33971235v.1

2

Objection after having given due deliberation upon the Objection and the record of any hearing; therefore, the Court hereby finds and determines as follows:

    A.    The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(b) and the court may enter a final order consistent with Article III of the United States Constitution. Venue of the Objection and the Debtors' cases are proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

    B.    Each holder of the Claims listed on **Exhibits A** and **B** hereto was properly and timely served with a copy of the Objection, the proposed form of Order granting the relief sought in the Objection, the accompany exhibit(s) to the proposed form of Order granting the relief sought in the Objection, the notice of hearing, and the deadline to file a written response to the Objection; and

    C.    Each holder of the Claims listed on **Exhibits A** and **B** hereto has been afforded a reasonable opportunity to respond to, or be heard regarding, the relief requested in the Objection; and

    D.    The granting of the relief requested in the Objection is in the best interests of the Debtors, their respective bankruptcy estates, their creditors and all other parties in interest.

BASED ON THE FOREGOING FINDINGS, IT IS THEREFORE ORDERED THAT:

    1.    The relief requested in the Objection is GRANTED in its entirety.

    2.    Each of the Duplicate Claims listed on the columns entitled "Disallowed Claim Number" on **Exhibit A** hereto is disallowed in its entirety, with prejudice.

    3.    The Claim listed on **Exhibit B** hereto is hereby reassigned as being asserted

against Debtor Teletouch Communications, Inc. with prejudice.

4.  This Order is without prejudice to the rights of the Chapter 7 Trustee or any other party in interest to object to any other claim against the Debtors on any grounds whatsoever at a later date, and such rights are expressly reserved.

5.  Each of the Claims and the Objection by the Chapter 7 Trustee to such Claims, as addressed in the Objection and as set forth in **<u>Exhibits A</u>** and **<u>B</u>**, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1.  This Order shall be deemed a separate order with respect to each of the Claims.  Any stay of this Order pending appeal by any claimant whose Claim is subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this order with respect to the other contested matters listed in the objection or this Order.

6.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding any Bankruptcy Rules or Local Rules of the Bankruptcy Court to the contrary.

7.  The Bankruptcy Court shall retain jurisdiction over the claimants whose Claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

# **<u>Exhibit A</u>**

# EXHIBIT A TO FIRST OMNIBUS (NON-SUBSTANTIVE) CLAIM OBJECTION ORDER

## DUPLICATE CLAIMS

### (ALL PARTIES LISTED ALPHABETICALLY, AND INDIVIDUALLY)

| Claimant's Name and Address | Surviving Claim Number (Case No., Debtor) | Disallowed Claim Number (Case No., Debtor) | Asserted Amount of Disallowed Claim | Reason for Disallowance |
|---|---|---|---|---|
| AFC Trident, Inc. DBA Trident Case<br>Attn: Lance Martinez, Counsel<br>2029 South Business Parkway<br>Ontario, CA 91761 | 26 (13-12621 (MFW), Progressive Concepts, Inc.) | 25 (13-12621 (MFW), Progressive Concepts, Inc.) | $19,425.58 | Claimant's Claims are duplicative, as they are filed against the same Debtor in the same amount. Claim No. 26 filed against Progressive Concepts, Inc. shall survive. |
| Lundquist, Phillip<br>5607 Wood Oak Street<br>San Antonio, TX 78233-5038 | 11 (13-12621 (MFW), Progressive Concepts, Inc.) | 10 (13-12621 (MFW), Progressive Concepts, Inc.) | $436.02 | Claimant's Claims are duplicative, as they are filed against the same Debtor in the same amount. Claim No. 11 filed against Progressive Concepts, Inc. shall survive. |

# **<u>Exhibit B</u>**

# EXHIBIT B TO FIRST OMNIBUS (NON-SUBSTANTIVE) CLAIM OBJECTION ORDER

# CLAIMS FILED AGAINST WRONG DEBTOR
# TO BE REASSIGNED TO CORRECT DEBTOR

| Claimant Name and Address | Objectionable Claim Number | Asserted Wrong Debtor | Claim Amount | Reassign to Debtor: | Reason for Reassignment |
|---|---|---|---|---|---|
| BDO USA, LLP<br>Attn: Laurence W. Goldberg<br>4035 Premier Dr., Suite 333<br>High Point, NC 27265-8143 | 38 | Progressive Concepts, Inc. | $47,038.00 | Teletouch Communications, Inc. | The proof of claim identifies the Debtor as Teletouch Communications, Inc., but the Claim was filed against Progressive Concepts, Inc. The Claim appears to have been incorrectly filed against the wrong Debtor's Claims Register. Moreover, the Debtors' books and financial records reflect Progressive Concepts, Inc. as having no liability to the Claimant. Accordingly, the Trustee seeks to have this Claim be reclassified to a claim filed against Teletouch Communications, Inc. |

ME1 33846254v.1