## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| TELETOUCH COMMUNICATIONS, INC., *et. al.*,[1] | Case No. 13-12620 (MFW) (Jointly Administered) |
| Debtors. | **Hearing Date: November 4, 2020 at 2:00 p.m.** <br> **Objection Deadline: October 21, 2020 at 4:00 p.m.** |

**MOTION PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9019 FOR AN ORDER APPROVING
SETTLEMENT AGREEMENT BY AND BETWEEN THE
CHAPTER 7 TRUSTEE AND eSECURITEL HOLDINGS, LLC**

Charles A. Stanziale Jr., the Chapter 7 Trustee ("Chapter 7 Trustee") of the bankruptcy estates of Teletouch Communications, Inc. ("Teletouch") and Progressive Concepts, Inc. ("Progressive"), by and through his undersigned counsel, hereby moves ("Motion") this Honorable Court for entry of an order approving the Settlement Agreement (the "Settlement Agreement")[2] by and between the Chapter 7 Trustee and eSecuritel Holdings, LLC ("Claimant"), a copy of which is attached as Exhibit 1 to the proposed Order being filed simultaneously herewith and is incorporated herein by reference. In support of this Motion, the Chapter 7 Trustee respectfully represents as follows:

**JURISDICTION**

1.      The Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of this chapter 7 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The debtors are: Teletouch Communications, Inc. and Progressive Concepts, Inc. (collectively, the "Debtors").

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

ME1 33900902v.2

2. The statutory bases for the relief requested herein is 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. Teletouch was a publicly held corporation that owned the stock of several entities including that of Progressive.

4. On April 11, 2008, Progressive and eSecuritel entered into a Roadside Assistance Service Agreement with eSecuritel, and on July 1, 2008, Progressive and eSecuritel entered into a companion Service and Replacement Agreement (collectively, the "2008 Agreements"). Under the 2008 Agreements eSecuritel agreed to provide Progressive's customers with wireless communication equipment replacement and repair services in exchange for specified compensation.

5. On or about June 27, 2013 Progressive and eSecuritel entered into an additional agreement whereby eSecuritel agreed to purchase telephone headsets from Progressive for resale to eSecuritel's customers (the "Sales Agreement")

6. On October 3, 2013, the above-captioned Debtors each commenced a bankruptcy case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

7. On October 3, 2013, the Office of the United States Trustee for the District of Delaware appointed Charles A. Stanziale, Jr. as the Chapter 7 Trustee for the Debtors' bankruptcy estates.

8. On October 8, 2013, the Trustee filed the *Trustee's Notice to Change Case from no Asset to Asset and Request to the Clerk to Fix Bar Date* [Docket No. 9].

**A.     The Claimant's Claim Against Progressive**

9.     On January 10, 2014, Claimant filed a proof of claim against Progressive seeking an amount of no less than $651,035.32, of which $130,143.92 represents alleged secured debt. The proof of claim was entered in Progressive's Claims Register as claim no. 47-1 ("Claim No. 47").  Progressive disputes the sum and substance of Claim No. 47.

**B.     Progressive's Claim Against the Claimant**

10.     Progressive determined that eSecuritel had failed to pay or under-paid various invoices relating to the Sales Agreement.  eSecuritel denies any liability to Progressive

### RELIEF REQUESTED

11.     In accordance with his duties under the Bankruptcy Code, the Chapter 7 Trustee has reviewed Claim No. 47 and all other disputes and issues between the parties.  Based on this review and ongoing, good faith, arms'-length negotiations with representatives of the Claimant, the Chapter 7 Trustee believes, in his business judgment, that resolution of Claim No. 47 and all issues associated with eSecuritel in the bankruptcy proceeding based on the terms set forth in the Settlement Agreement, is in the best interest of the Debtors' estates, all creditors and all other parties in interest.

12.     The significant terms of the Settlement Agreement are as follows:

a.     a settlement payment in the amount of $20,000.00 (the "Settlement Payment") has been sent to the Trustee to hold in escrow in the estate's account; and

b.     Upon the Effective Date, (i) Claim No. 47 shall be deemed expunged, (ii) eSecuritel shall not file any other further proof of claim or seek any other payment or distribution in these bankruptcy proceedings, and (iii) eSecuritel

consents to and shall not file any objection to any applications by the Chapter 7 Trustee for his statutory commission or the Chapter 7 Trustee's professionals for their professional fees; and

    c.    the Chapter 7 Trustee, the Chapter 7 Trustee's retained professionals, the Debtors and the Debtors' estates and eSecuritel mutually release each other of all claims, known or unknown.

## BASIS FOR RELIEF REQUESTED

13. Bankruptcy Rule 9019(a) governs the approval of compromises and settlements, and provides as follows:

> On motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

14. The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged and "generally favored." *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *see also Matter of Penn Central Transp. Co.*, 596 F.2d 1102, 1113 (3d Cir. 1979) ("In administrating reorganization proceedings in an economical and practical matter it will often be wise to arrange the settlement of claims ... .") (internal citation marks and quotation marks omitted).

15. In determining the fairness and equity of a compromise, the United States Court of Appeals for the Third Circuit has stated that it is important that the bankruptcy court "apprise[] [it]self of all facts necessary [to form] an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated, [and] estimate ... the complexity, expense and likely

6

duration of such litigation ... all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Matter of Penn Central Transp. Co.*, 596 F.2d at 1114; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (describing the "ultimate inquiry to be whether the compromise is fair, reasonable, and in interest of the estate") (internal citations and quotation marks omitted).

16. The United States Court of Appeals for the Third Circuit has enumerated four (4) factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)).

17. Furthermore, the decision to approve a compromise is "within the [sound] discretion of the bankruptcy court." *In re World Health Alternatives, Inc.*, 344 B.R. at 296. In making its decision, the Court should not substitute its judgment for that of the Chapter 7 Trustee. The Court is not to decide the numerous questions of law or fact raised by the litigation, but rather should canvas the issues to determine "whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983) (internal citations and quotations omitted); s*ee also In re World Health Alternatives, Inc.*, 344 B.R. at 296 (stating that "the court does not have to be convinced that the settlement is the best possible compromise. Rather, the Court must conclude that the settlement is within the range of litigation possibilities.") (internal quotation marks and citations omitted).

18. In passing upon the reasonableness of a proposed compromise, the Court may "take into account the [Trustee's] business judgment in recommending a settlement as well as the opinions of the [Trustee] and the parties to the settlement." *In re NII Holdings, Inc.*, 536 B.R. 61, 100 (Bankr. S.D.N.Y. 2015) (citations omitted).

19. The Chapter 7 Trustee believes that the Settlement Agreement rises well above the "lowest point in the range of reasonableness" in consideration of the applicable claims. Additionally, each of the applicable Martin factors weigh in favor of approving the Settlement Agreement. The Court should therefore approve the Settlement Agreement pursuant to Bankruptcy Rule 9019 and applicable law.

20. Regarding the first factor, *i.e.* the probability of success in litigation the Chapter 7 Trustee is cognizant of the risks of litigation and the Chapter 7 Trustee believes he could not have achieved a more favorable result if the matters were litigated. Because the Settlement Agreement wholly expunges Claim No. 47 and the Chapter 7 Trustee believes the proposed Settlement Amount is the maximum amount that he could have obtained against eSecuritel, the Chapter 7 Trustee has achieved the maximum benefit without incurring any litigation expenses.

21. As to the second factor, *i.e.* the difficulties, if any, to be encountered in the matter of collection, while the Trustee does not envision difficulties in collection against eSecuritel should the Trustee prevail after litigation, a settlement makes payment by eSecuritel a certainty and immediate.

22. The third factor, *i.e.* the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, supports approval of the Settlement Agreement. The Settlement Agreement obviates the need for potentially protracted litigation and the expenses necessarily attendant to such litigation in favor of a prompt and efficient resolution without the

8

ME1 33900902v.2

need to expend further estate resources and will allow the Chapter 7 Trustee to further his goal of completing his administration of the estates.

23. Finally, entry into the Settlement Agreement also satisfies the fourth factor, *i.e.* serving the paramount interest of the creditors of the estates. Resolution of Claim No. 47 through the Settlement Agreement represents a successful outcome for the Debtors' creditors. The Settlement Agreement provides for a $20,000 payment from the Claimant to the Debtors' estates which will accrue to the benefit of the Debtors' allowed, general unsecured creditors. The Settlement Agreement also allows the Chapter 7 Trustee to expunge Claim No. 47 and avoid any additional administrative costs. The Settlement Agreement will allow the Chapter 7 Trustee to make a greater percentage distribution to allowed creditors than without the settlement and allows the Chapter 7 Trustee to move forward with completing the administration of these estates. The fourth Martin factor is therefore satisfied and weighs in favor of the Court approving the Settlement Agreement.

24. Accordingly, based upon the foregoing, the Chapter 7 Trustee respectfully requests that this Court should approve the Settlement Agreement as it is in the best interests of the creditors and the Debtors' estates.

## **NOTICE**

25. The Motion will be served on the United States Trustee, counsel for the Claimant, all parties that have requested such notice pursuant to Bankruptcy Rule 2002, and to the extent not included above, any party on the Core Service List and Master Service List pursuant to the *Order Establishing Notice and Service Procedures* [Docket No. 41].

26. In light of the nature of the relief requested herein, the Chapter 7 Trustee submits that no other or further notice is required.

**WHEREFORE**, the Chapter 7 Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, approving the Settlement Agreement and granting such other and further relief as is just and proper.

Dated:  October 7, 2020
       Wilmington, Delaware

**McCARTER & ENGLISH, LLP**

*/s/ Kate R. Buck*
Kate R. Buck (No. 5140)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone (302) 984-6300
kbuck@mccarter.com

- and -

Jeffrey T. Testa, Esq.
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
jtesta@mccarter.com

*Counsel for the Chapter 7 Trustee*